**AMERICAN BANKERS INSURANCE COMPANY, Appellant,**

v.

**Billy G. LOVELL, Appellee.**

**No. 7716.**

Court of Civil Appeals of Texas.

Amarillo.

May 22, 1967.

Stigall & Maxfield, Dallas, John F. Maxfield, Dallas, of counsel, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, Plainview, Bill LaFont, Plainview, of counsel, for appellee.

NORTHCUTT, Justice.

Billy G. Lovell, hereinafter referred to as plaintiff, brought this action against American Bankers Insurance Company, hereinafter referred to as defendant, to recover for expenses alleged due under the terms of an insurance policy issued by defendant. The policy insured plaintiff and all other dependent members of his family named in the application for hospital and/or medical or surgical insurance. The policy included Kimberly Lovell, a daughter of plaintiff. On July 6, 1965. Kimberly Lovell received an accidental bodily injury when she fell in a camp fire. It is admitted that defendant paid for the initial treatment of Kimberly Lovell except for one small bill.

The plaintiff pleaded that on or about November 30, 1965, and before 180 days from the date of the injury had elapsed that the defendant was notified that Kimberly Lovell was suffering from the injuries and that surgery and skin grafting would need to be performed upon her. The plaintiff then pleaded that on or about January 1, 1966, Dr. Dean C. Kipp performed the surgery and skin grafting which was necessary and reasonable in order to prevent future limiting of motion to Kimberly. Defendant refused to pay for the skin grafting and plaintiff brought suit to recover for medical and hospital services in said grafting in the sum of $579.65, together with $69.56 penalty and $200 attorney's fees, making a total of $849.21. The case was tried to the court without a jury and judgment was granted in favor of plaintiff for the $849.21. From that judgment defendant perfected this appeal.

Defendant presents this appeal upon three assignments of error. By its first point it is contended the court erred in rendering judgment for plaintiff in any amount because such recovery was precluded by express terms of the insurance policy. The second point is that the court erred in refusing to permit the filing by defendant of a trial amendment. The third point is that the court erred in rendering judgment for any amount, since there was no admissible evidence of probative force, only hearsay evidence admitted over objection, to sustain a monetary judgment.

We sustain defendant's third point of error since there was no admissible evidence of probative force to establish the reasonableness of the charges made for the services rendered. It is stated in Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (1956) as follows:

"We thus are left with the amount of the charges as the only evidence in this record which might throw any light on the reasonable value of the services rendered. In some jurisdictions proof of the expenses incurred or paid for the treatment of personal injuries is regarded as presumptive evidence of the reasonable value of the services, provided the unreasonableness of the charges does not appear from other evidence. This rule has never been followed in Texas, and it is now well settled that proof of the

amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable. Wheeler v. Tyler, S. E. R. Co., 91 Tex. 356, 43 S.W. 876; Houston, E. & W. T. R. Co. v. Jones, Tex.Civ.App., 1 S.W.2d 743 (wr. ref.); Annotation 82 A.L.R. 1325; and authorities cited therein. We hold that testimony showing only the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefor does not constitute evidence of probative force that the charges are reasonable."

Since defendant's first and second points of error involve the 180 day provision of the policy sued upon, we will discuss both points together. The Exclusion 9 of the policy provides, inter alia: "No indemnities whatsoever shall be payable under this policy for loss or disability resulting wholly or partially, in or from skin grafts or plastic surgery, unless due to, and performed within One Hundred and Eighty (180) days from the occurrence of accidental bodily injury." The terms therein are unambiguous and no room is left for construction. The plaintiff pleaded as follows:

"On or about November 30, 1965, and before 180 days from the date of the injury had lapsed, Defendant insurance company was notified by Dr. Dean C. Kipp, Kipp & Dunton, Plastic & Reconstructive Surgery, 3601 Swiss Avenue, Dallas, Texas, that KIMBERLY LOVELL was suffering from chronic third degree hypertrophoied burn scars, with contractures of extensor aspect wrist, right, and both buttocks, and that surgery and skin grafting would need to be performed on KIMBERLY LOVELL in order to prevent the limiting of motion in the future as growth occurred.

"On or about January 1, 1966, Dr. Dean C. Kipp performed the surgery and skin grafting which was necessary and reasonable in order to prevent future limiting of motion to KIMBERLY LOVELL."

When the plaintiff offered in evidence for a limited purpose the insurance policy, the defendant raised in issue the pleadings of the plaintiff had put in issue the 180 days exclusion of the policy and wanted the policy introduced for all purposes. At that time stated if there was any question about that he wanted to file a trial amendment to clear up the matter. He requested permission of the court to file a trial amendment to set out the 180-day exclusive provision. He drew up the amendment but the court refused to permit him to file it.

■ There was no reason for the plaintiff to plead that defendant was notified before 180 days from the date of the injury that surgery and skin grafting would need to be performed unless he was attempting to show that all he had to do to comply with the exclusion was to give notice and thereby extend the period of liability. The liability of the defendant was based upon the terms of the policy in effect at the time of the injury. In other words, such pleadings must be construed as an attempt on the part of the plaintiff to bring himself within the terms of the policy. Here the plaintiff pleaded and proved the length of time between the injury and the skin graft was more than 180 days. We are of the opinion, and so hold, that the judge abused his discretion in refusing to permit defendant to file the trial amendment. We sustain defendant's second point of error.

■ It was incumbent upon plaintiff to plead facts sufficient to show that the skin graft occurred within 180 days of the accident. Douglas v. Southwestern Life Insurance Company, 374 S.W.2d 788 (Tex. Civ.App.—Tyler, 1964, writ ref'd n. r. e.). See also Marroquin v. Trinity Universal Insurance Co., 394 S.W.2d 246 (Tex.Civ.App. —Fort Worth, 1965, no writ).

■ However, in this case the pleadings clearly show that the skin graft was not

**708**

performed within the 180 days as provided in the policy it should be done. The evidence shows the skin graft operation was done some 217 days after the injury occurred. Since the plaintiff pleaded such facts as to clearly show that the skin graft was performed more than 180 days after the injury, consequently the pleadings show he did not come within the terms of the policy. It is stated in Barnett v. Travelers' Ins. Co., 32 F.2d 479 (8th Cir., 1929) as follows:

"This was concededly a policy limiting indemnity for the death or other disability mentioned, to occurrence within ninety days of the accident. In this case that limit was exceeded by four or five days. This court has sustained a similar clause in accident policies and has limited the recovery accordingly. McKinney v. General Accident Co., 8 Cir., 211 F. 951. It is there said: 'Where the terms of a contract are unambiguous and their meaning is plain, they must be held to mean what they clearly express, and no room is left for construction.'

"See also the holdings of this court in the following cases: Hawkeye Commercial Men's Association v. Christy, 8 Cir., 294 F. 208–218, 214, 40 A.L.R. 46; New Amsterdam Casualty Co. v. Central Nat. Fire Ins. Co., 8 Cir., 4 F.2d 203–208; Commonwealth Casualty Co. v. Aichner, 8 Cir., 18 F.2d 879.

"The contention that appellee has waived this defense by the mere filing of a general denial is without merit. It was incumbent upon appellant to plead facts sufficient to bring her within the terms of the policy. In so doing she disclosed that death occurred beyond the limit fixed in the policy contract. In such case, it was neither necessary nor required that appellee should repeat in its answer."

See also Reliance Mutual Life Insurance Co. of Ill. v. Booher, 166 So.2d 222, 10 A.L.R.3d 458 (Fla.App.1964).

Since we are of the opinion that the pleadings as well as the evidence show the plaintiff did not come within the terms of the policy, we sustain defendant's first point of error.

Judgment of the trial court is reversed and rendered that plaintiff take nothing.