AMOCO PRODUCTION COMPANY,
Petitioner,

v.

The FIRST BAPTIST CHURCH OF
PYOTE et al., Respondents.

No. B–8474.

Supreme Court of Texas.

Nov. 5, 1980.

Rehearing Denied March 4, 1981.

Thomas B. Cuny, Jr., Houston, W. B.
Browder, Jr., Midland, for petitioner.

Wm. Monroe Kerr, Midland, for respondents.

PER CURIAM.

In this suit on a gas lease, the Court of Civil Appeals has recognized an implied covenant by the working interest owner to act in good faith in marketing the gas of its royalty owners. The opinion fails to expressly hold that there is some evidence to support the trial court's finding of a breach of that covenant. It is implicit in the court's reasoning that there was evidence of a breach of the covenant to market in good faith in Amoco's marketing of the lessors' gas at a rate substantially lower than market value, where by doing so Amoco was able to obtain for itself the collateral benefit of increasing the price for gas from its other previously dedicated leases from third parties. 579 S.W.2d 280. We agree.

However, this holding should *not* be interpreted as implying an absolute duty to sell gas at market value under a "proceeds" royalty clause. The parties can draft either a "market value" or a "proceeds" royalty provision, and their intent will be followed by the courts. *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866, 871 (Tex. 1968). Although, in a proper factual setting, failure to sell at market value may be relevant evidence of a breach of the covenant to market in good faith, it is merely probative and is not conclusive.

Accordingly, we refuse the application for writ of error, no reversible error.

GREENHILL, C. J., not sitting.