**NAUTICAL LANDINGS MARINA, INC., David I. Denham and Betty B. Denham, Appellants,**

v.

**FIRST NATIONAL BANK IN PORT LAVACA, Appellee.**

No. 13–88–570–CV.

Court of Appeals of Texas, Corpus Christi.

May 31, 1990.

Rehearing Overruled June 29, 1990.

Randy Little, R. Dan Fontaine, Abraham, Watkins, Nichols, Ballard, Houston, Simank, Ron, Kleberg & Head, Corpus Christi, for appellants.

James H. Robichaux, Matthews & Branscomb, Larry G. Hyden, Henkel & Hyden, Corpus Christi, W.S. Fly, Fly, Moeller & Seel, Victoria, for appellee.

Before DORSEY, UTTER and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Nautical Landings Marina, Inc. and David I. and Betty B. Denham appeal a summary judgment rendered against them in favor of First National Bank in Port Lavaca on a note by Nautical and guaranty by the Denhams. We affirm the judgment of the trial court.

The Bank has moved to dismiss Nautical's appeal for want of jurisdiction. The issue presented is whether Nautical's appeal bond, filed after entering bankruptcy, served to perfect the appeal. We grant the motion to dismiss Nautical's appeal for want of jurisdiction.

## JURISDICTION

On August 9, 1988, the trial court entered a final summary judgment against Nautical and the Denhams. The trial court denied their Motion for New Trial on September 8, 1988. On October 5, 1988, Nautical filed its petition in bankruptcy in a United States Bankruptcy Court. On November 4, 1988, Nautical and the Denhams filed their appeal bond to perfect appeal to this Court. On November 17, 1988, this Court noted the bankruptcy and abated the appeal in accordance with federal law. *See* 11 U.S.C. § 362. On February 14, 1989, United States Bankruptcy Judge Richard Schmidt signed his Order Modifying the Stay "to permit the parties to continue the appeal of (this cause) including the rights of all parties to pursue whatever rights they might otherwise have in the appellate process." The parties took no further actions to perfect appeal.

11 U.S.C. § 362(a)(1) provides that once a petition is filed in bankruptcy, an automatic stay is imposed, prohibiting the commencement or continuation of any judicial actions or proceedings against the debtor. Thus, when Nautical sought the protection of Title 11, any judicial proceedings against it were stayed. Whether a proceeding is "against the debtor" within the meaning of § 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding, regardless of whether the debtor is the appellant or appellee. *Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp.*, 797 F.2d 227, 280 n. 4 (5th Cir.1986); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446 (3d Cir. 1982); *Greenberg v. Fincher & Son Real Estate, Inc.*, 753 S.W.2d 506 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Nautical concedes in its Response to Appellee's Motion to Dismiss that the suit now before us was originally filed by the Bank against Nautical and the Denhams. Thus, this appeal is a continuation of judicial proceedings against a debtor to which

11 U.S.C. § 362 applies. When Nautical filed its petition in bankruptcy, federal law imposed a stay on the cause now before us.

Nautical argues that this Court was not required to stay the entire appeal because the Denhams perfected their appeal to this Court, and they were not in bankruptcy. We emphasize that this Court abated the appeal upon notification of the bankruptcy; we did not "stay" the proceedings as suggested by Nautical. The "stay" upon the proceedings was imposed on October 5, 1988, by federal law when Nautical filed bankruptcy. 11 U.S.C. § 362(a)(1). Our abatement was a procedural device to ensure compliance with federal law.

Now before us, however, is the question of what effect the bankruptcy stay had upon Nautical's appeal of the judgment; it appears that the answer under both Texas and federal law is the same: all actions taken prior to the lifting of the stay by Judge Schmidt, including the filing by Nautical of its appeal bond, were void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Star–Tel, Inc. v. Nacogdoches Telecommunications, Inc.*, 755 S.W.2d 146, 150 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Southern County Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Wallen v. State*, 667 S.W.2d 621, 623 (Tex.App.—Austin 1984, no writ).

Nautical, however, takes the position that the effect of putting the appeal bond in the possession of this Court is the same no matter whether the bond is "filed" before or after the initiation of bankruptcy, because the appeal bond, being in the possession of the Court was "immediately and simultaneously filed" upon the removal of the abatement by this Court and the lifting of the stay by the bankruptcy court. We disagree.

■ First, with the filing of Nautical's petition in bankruptcy, the federal bankruptcy code imposed a stay upon the continuation of this proceeding. The stay was imposed October 5, 1988, and Nautical filed its appeal bond during the pendency of the

stay on November 4, 1988. The filing of that appeal bond vis-a-vis Nautical was void and had no legal effect. *Kalb*, 308 U.S. at 438, 60 S.Ct. at 345; *Southern County*, 736 S.W.2d at 748; *Wallen*, 667 S.W.2d at 623. The subsequent termination of the stay did not have the effect of automatically validating the filing of the appeal bond.[1] *Goswami v. Metropolitan Sav. & Loan*, 751 S.W.2d 487, 489–90 (Tex.1988). We do not address the issue of whether the limitations period for perfecting appeal was tolled during pendency of the stay because that issue is not now before us.

Nautical did not properly perfect its appeal. This Court must dismiss the appeal of Nautical Landings Marina, Inc., for want of jurisdiction.

### *The Denhams' Appeal*

The record establishes that the Denhams, in their capacity as officers of Nautical, executed a promissory note with the Bank for the construction and development of a marina. In conjunction with the promissory note, the Denhams also executed a personal guaranty subjecting them to liability for the funds advanced to Nautical. The Denhams also executed a "cash reserves" agreement requiring certain funds deposited with the Bank be maintained to insure the viability of Nautical's debt. Thereafter, Nautical was unable to repay its monthly obligations as required by the terms of its promissory note. The Denhams and the Bank attempted to restructure the debt but were unable to reach an agreement. Following Nautical's default, the Bank exercised its right to set-off against the Denhams' deposits with the Bank and conducted a foreclosure sale of the property securing Nautical's promissory note. The Bank filed suit on the guaranty agreement, and the trial court granted summary judgment in favor of the Bank.

■ By point of error two, appellants contend the trial court erred in failing to grant their motion for continuance prior to hearing on appellees' motion for summary judgment. The basis for the continuance was that the court reporter had not yet

---

[1] The order modifying the stay lifts the stay but does not annul it. *See Goswami*, at 489.

transcribed two depositions that had been recently taken. Generally, an appellate court may reverse a trial court for abuse of discretion only if the record affirmatively establishes that the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987); *see also Pierce v. Gillespie*, 761 S.W.2d 390, 398 (Tex.App.—Corpus Christi 1988, no writ). Absent a record showing the trial court's abuse of discretion, a reviewing court must presume that the evidence before the court was sufficient to support the trial court's ruling. *See Simon*, 739 S.W.2d at 795; Tex.R. App.P. 52(d).

Appellants filed a lengthy unsworn motion for continuance stating that two recently taken depositions had not been transcribed by the court reporter. The court reporter's affidavit accompanying appellants' motion for continuance states that due to time limitations and work load the completed depositions would not be transcribed in time for the summary judgment hearing. Appellants failed to submit evidence regarding the materiality of the testimony that was purportedly unavailable. Under Tex.R.Civ.P. 166a(f), materiality of the unavailable testimony must be established before a continuance is warranted. *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605, 612–13 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). Thus, the trial court did not abuse its discretion in denying appellants' motion for a continuance. *See id.*

■■■ Appellants call to our attention our opinion in *Blaschke v. Citizens Medical Center*, 742 S.W.2d 779, 782 (Tex.App. —Corpus Christi 1987, no writ), where a motion for summary judgment was granted while answers to interrogatories by the movant for summary judgment were pending. We adhere to our language in *Blaschke* that the better practice is to abstain from ruling on the motion for summary judgment until answers to interrogatories have been filed. There is a distinction between interrogatories and depositions.

The responses to interrogatories are unknown to the proponent until they are answered and returned; however, a summary of the material testimony given at a deposition may be made by affidavit by one who attended the deposition. Here, there was no showing of the substance of the testimony and why it was relevant to any summary judgment issue.[2] We overrule appellant's second point of error.

By points of error one, three, four, five, six, and nine, appellants argue that the trial court improperly granted appellee's motion for summary judgment. The purpose of a summary judgment is to eliminate patently unmeritorious claims or untenable defenses. *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972); *Barrow v. Jack's Catfish Inn*, 641 S.W.2d 624, 625 (Tex.App. —Corpus Christi 1982, writ ref'd n.r.e.). A summary judgment should be granted only if evidence establishes that no genuine issue of material fact exists and that the movant is entitled to summary judgment as a matter of law. *Barrow*, 641 S.W.2d at 625; Tex.R.Civ.P. 166a(c).

The party seeking summary judgment has the burden of proof, and all doubts regarding the existence of a genuine issue of fact are to be resolved against the movant. All evidence favorable to the nonmovant is taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts be resolved in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

In support of the motion for summary judgment, the Bank provided the affidavits of William H. Bauer, President of the Bank, Harrell Browning, substitute trustee and James H. Robichaux, attorney for appellee. The affidavits set forth the execution of the promissory note by Nautical, the execution of appellants' guaranty agreement, Nautical's default and the resulting foreclosure sale. The affidavits established a deficiency, after allowing for all

---

**2.** Summaries of deposition excerpts included in a response do not constitute summary judgment evidence. *See Kotzur v. Kelly*, No. 13–89–307–CV, 791 S.W.2d 254 (Tex.App.—Corpus Christi 1990, no writ); *Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

credits and set-offs, the Bank's right to set-off against appellants' other accounts with the Bank, and reasonable costs for attorney's fees.

■ Appellants contend that summary judgment was improper because fact issues were raised concerning the usurious nature of the transaction. We disagree. It is well-settled that an individual guarantor may not assert a usury claim upon the guarantee of a corporate note. *Republic-Bank Dallas v. Shook*, 653 S.W.2d 278, 281 (Tex.1983); *Houston Sash & Door Co. v. Heaner*, 577 S.W.2d 217, 222 (Tex.1979). Hence, the Denhams, as guarantors of the note, could not assert their claim of usury against the Bank.

The Denhams argue that fact issues were raised concerning the validity of the guaranty agreement because they were unaware they had signed a guaranty agreement. Accompanying appellants' response to the Bank's motion for summary judgment were the affidavits of Betty B. Denham and David I. Denham. The two affidavits are identical except that Mr. Denham's affidavit contains additional statements concerning attempts to restructure Nautical's debt to appellees. The relevant portion of the affidavits is as follows:

I was never apprised of or given any indication of or the need for a guaranty agreement (exhibit "c" to Bank's motion) in the subject transaction. There was never any representation made by the Bank, verbally or otherwise, and it was not set out in the disclosure statement (exhibit "c" to the Response) or the promissory note (exhibit "b" to the Bank's motion). Nautical Landings Marina, Inc., a Texas corporation, was set up to protect my personal assets and the Bank was well aware of the corporation, as well as the reason for its existence. Likewise, I was not properly informed or cautioned by my attorney, Larry Dio, regarding the existence of the document or its importance and it was not exhibited as one of the loan papers set out in his statement for services rendered.

■ Appellants' affidavits fail to raise an issue of material fact regarding irregularities in the execution of the guaranty agreement. Appellants' subjective belief of the purpose of the guaranty agreement can not contradict the intent of the parties expressed within the four corners of the document. *See Walker v. Horine*, 695 S.W.2d 572, 577 (Tex.App.—Corpus Christi 1985, no writ). Similarly, the failure of their counsel to advise them of the existence or importance of the guaranty agreement is not a defense to enforcement of the agreement. Furthermore, absent inquiry, a creditor is under no duty to disclose information to a guarantor about that which the guarantor may be presumed to have knowledge. *St. Paul Fire & Marine Ins. Co. v. Commodity Credit Corp.*, 646 F.2d 1064, 1073 (5th Cir.1981); *Goodwin v. Abilene State Bank*, 294 S.W. 883, 886 (Tex.Civ.App.—Eastland 1927, writ ref'd). Absent fraud, one is presumed to know the contents of a document and has an obligation to protect themselves by reading documents prior to signing. *See G–W–L, Inc. v. Robichaux*, 643 S.W.2d 392, 393 (Tex.1982). Here, the Denhams were not prevented from reading the agreement prior to signing. Moreover, the agreement is clearly entitled "Guaranty Agreement" and specifically sets forth the Denhams' obligation to pay in the event of a default by Nautical. The Denhams' affidavits expressly negate any question of an oral statement by the Bank fraudulently inducing them into executing the guaranty agreement. Hence, there is no evidence establishing a material fact question regarding an irregularity in the execution of the guaranty agreement.

■ Appellants argue that the Bank failed to prove as a matter of law the validity of the deficiency after foreclosure because the evidence regarding the fair market value of the property sold was conflicting. The Bank's affidavits and exhibits establish its legal right to foreclose on property securing the note. Mere inadequacy of price at foreclosure is not sufficient grounds for setting aside the trustee's sale. *See American Sav. & Loan of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex.1976); *Hunt v. Jefferson Sav. & Loan*

*Ass'n,* 756 S.W.2d 762, 764 (Tex.App.—Dallas 1988, writ denied).

No evidence was before the trial court disclosing an irregularity in the sale or gross inadequacy of consideration in this case. The foreclosure sale trustee, Harrell Browning, stated in his affidavit that the sale was conducted in a commercially reasonable manner. Browning's affidavit and accompanying exhibits set forth that the Denhams were given timely notice of the sale, that notice was properly filed with the county clerk's office and posted in compliance with state law. No irregularities in the foreclosure sale are raised by the summary judgment evidence. We overrule appellants' points of error one, three, four, five, six, and nine.

By point of error seven, appellants contend that the trial court erred in granting summary judgment regarding their counterclaims of breach of an assumed duty of good faith and fair dealing, conspiracy and usury.[3] We disagree. A cross-defendant who seeks a summary judgment against a counterclaim has the burden of establishing, as a matter of law, that at least one element of the counterclaim does not exist. *Golden Triangle Energy v. Wickes Lumber,* 725 S.W.2d 439, 441 (Tex. App.—Beaumont 1987, no writ).

The Bank's motion for summary judgment and accompanying affidavits and exhibits specifically address each of the Denhams' counterclaims. Generally, a duty of good faith and fair dealing does not exist in Texas unless created by either express contractual language or unless a special relationship of trust and confidence exists between the parties. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *Amoco Prod. Co. v. First Baptist Church,* 611 S.W.2d 610 (Tex.1980); *Lovell v. Western Nat'l Ins. Co.,* 754 S.W.2d 298, 302 (Tex.App.— Amarillo 1988, writ denied). The Bank's affidavits and exhibits conclusively establish the absence of a contractual agreement of good faith and fair dealing; therefore, we must inquire if there is evidence of a special relationship between the Bank and the Denhams. A special or confidential relationship arises either as a recognized fiduciary relationship, which as a matter of law is a relationship of trust and confidence, or a relationship arising from moral, social or personal relationships. *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962).

Here, the Bank and the Denhams are parties to an ordinary business relationship arising from the Denhams' execution of a guaranty agreement in the event of Nautical's default on its promissory note with the Bank. We have been cited no authority and have found none in Texas which imposes a duty of good faith and fair dealing on lenders in general to their borrowers. *See Victoria Bank & Trust v. Brady,* 779 S.W.2d 893, 902 (Tex.App.—Corpus Christi 1989, writ granted); *see also Lovell,* 754 S.W.2d at 302 (mortgagor-mortgagee relationship does not create special relationship). A review of the cases in which a special relationship was found establishes the existence of factors indicating more than an arms-length business transaction. *See generally, Arnold,* 725 S.W.2d at 167; *Amoco,* 611 S.W.2d at 610; *Fitz–Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256, 265 (1951). Here, the Bank's affidavits and exhibits establish the non-existence of a recognized fiduciary relationship or a long-standing personal or social relationship between the parties.

The Denhams also allege that the Bank is "guilty of a conspiratorial course of tortious conduct marked with fraud, duress and interference with [the] governance of their business and business processes." Appellants maintain that the Bank "unjustly and oppressively used acceleration and foreclosure clauses to gain [a] commercial advantage." An actionable civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). However, the focus of a civil conspiracy is the damage resulting from the alleged wrongful conduct and not the conspiracy itself.

---

**3.** The Denhams' petition does not seek recovery premised upon a violation of the DTPA.

*Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.,* 435 S.W.2d 854, 856 (Tex.1968).

█ Here, it was uncontroverted that Nautical was in default on its promissory note and that the Bank's affidavits and exhibits established its right to accelerate and foreclose. The Bank had a legal right to demand payment and to threaten foreclosure if the debt was not paid. A threat to sue on a past due note and foreclose the lien is neither fraud nor duress. *Ulmer v. Ulmer,* 139 Tex. 326, 162 S.W.2d 944, 947 (1942); *see also Executive Condominiums, Inc. v. State,* 764 S.W.2d 899, 903 (Tex.App. —Corpus Christi 1989, writ denied). Thus, the Bank's acceleration and foreclosure sale was not fraud or duress.

The Denhams also complain that the Bank conspired to exercise improper control over Nautical through common directors and common legal counsel. The Bank's affidavit of Bill Baird states that he was never advised that he was elected as an advisory director of Nautical. Baird states he never attended any meetings of the corporation and that he "took no part whatsoever in the management of Nautical." Appellant contends that Baird's affidavit is a sworn denial of an interested party accused of wrongdoing and is not readily controvertible. *See Christensen v. Sherwood Ins. Servs.,* 758 S.W.2d 801, 804 (Tex.App.—Texarkana 1988, writ denied); *American Petrofina v. Crump Business Forms,* 597 S.W.2d 467, 470 (Tex.Civ.App. —Dallas 1980, writ ref'd n.r.e.). The readily controvertible rule is directed not at the difficulty of obtaining opposing affidavits but at the situation when it is impossible to obtain controverting evidence. *Wavell v. Barger,* No. 13–89–543 (Tex.App.—Corpus Christi May 25, 1989, writ denied) (not yet reported). Affidavits have been held uncontrovertible when made by an interested witness regrading their own state of mind. *See Bankers Commercial Life Ins. Co. v. Scott,* 631 S.W.2d 228, 231 (Tex.App.—Tyler 1982, writ ref'd n.r.e.); *Petrofina,* 597 S.W.2d at 471. Here, the statements of Baird regarding management and his attendance at corporation meetings are statements of fact and not state of mind and are controvertible. Similarly, the Bank's president, William Bauer, stated in his affidavit that the Denhams' counsel, Larry Dio, was not representing the Bank. This is a statement of fact and is readily controvertible.

In *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979), the Court held that a non-movant has no obligation to offer controverting evidence until the movant has established he is entitled to judgment as a matter of law. Here, the Bank presented summary judgment evidence establishing its right to judgment as a matter of law on appellants counterclaims. The Denhams' affidavits do not create issues of material fact regarding their counterclaims. Thus, the trial court properly granted the Bank's motion for summary judgment. We overrule point of error seven.

█ By their eighth point of error, appellants argue that the trial court abused its discretion in denying appellants' motion for new trial because newly transcribed depositions raised issues of material fact. It is well-settled that the granting of a motion for new trial is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex.1983). The party seeking a new trial because of newly discovered evidence must establish that he had no notice of the existence of the evidence prior to trial and that due diligence was exercised in attempting to obtain the evidence. *Id.*

█ Here, the record establishes that appellants failed to comply with the requisites for a new trial because of newly discovered evidence. As discussed in point of error two, appellants were unable to transcribe completed depositions prior to the Bank's motion for summary judgment because of time limitations and workload. Nevertheless, appellants knew of the existence and substance of the deposition testimony prior to summary judgment but failed to properly present the evidence to the trial court. Thus, the deposition testimony is not newly discovered evidence be-

cause appellants could have presented the evidence to the trial court prior to summary judgment. Hence, the trial court's decision denying appellants' motion for new trial was not an abuse of discretion. We overrule appellants' eighth point of error.

Appellants' tenth point of error is predicated upon reversal of the summary judgment. We decline to address point of error ten because it is not dispositive of this courts ruling. Tex.R.App.P. 90(a).

We affirm the judgment of the trial court.

UTTER, J., not participating.