IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-339-CV





DEBRA K. YEAGER,



 APPELLANT


vs.





DR. WILLIAM E. REEVES,



 APPELLEE


 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. C89-700A, HONORABLE FRED A. MOORE, JUDGE



 





PER CURIAM


 Appellant Debra K. Yeager appeals from a judgment of the district court of Comal
County that awarded her damages in the amount of $2,053.25 on her claim for breach of contract
against appellee William E. Reeves. The trial court ordered further that Yeager take nothing on
her causes of action based in tort. We will affirm the judgment.

 In April 1987, Reeves hired Yeager to work in his medical office as a secretary-receptionist. Several times during her employment, Yeager discussed insurance coverage for
herself and her family with Reeves but coverage did not begin until April 1989. Also during this
time, Reeves treated Yeager for what was finally diagnosed as panic disorder. Reeves did not
charge Yeager or her family for the medical services provided while she worked for him. Reeves
discharged Yeager on April 3, 1989.

 Shortly thereafter, Yeager filed suit against Reeves seeking actual and exemplary
damages on theories of breach of contract, breach of a covenant of good faith and fair dealing,
and the intentional and negligent infliction of emotional distress. Reeves's failure to provide
medical insurance as allegedly promised, culminating in Yeager's termination, underlies each of
these claims.

 In her first point of error, Yeager asserts that the trial court erred in granting
summary judgment on the issue of good faith and fair dealing. Reeves moved for summary
judgment on the basis that a cause of action for the breach of a duty of good faith and fair dealing
in an employer-employee relationship does not exist in Texas law. In her first amended response
to the motion, Yeager asserted facts that she contends establish such a duty and a breach of that
duty. After a hearing, the trial court granted summary judgment on the basis that the cause of
action failed as a matter of law.

 On appeal, Yeager contends that the facts (1) show the existence of a special
relationship between Reeves, as physician and employer, and Yeager, as patient and employee,
and that this relationship created a duty of good faith and fair dealing. See Aranda v. Insurance
Co. of N. Am., 748 S.W.2d 210, 212 (Tex. 1988); Arnold v. National County Mut. Fire Ins. Co.,
725 S.W.2d 165, 167 (Tex. 1987) (duty of good faith and fair dealing may arise as a result of a
special relationship between parties to insurance contract); see generally English v. Fischer, 660
S.W.2d 521, 522 (Tex. 1983). Yeager continues that genuine issues of material fact exist as to
whether Reeves breached this duty in regard to the promise to provide Yeager with insurance and
his termination of Yeager to avoid providing insurance coverage.

 The question on appeal is whether Reeves has shown that no genuine issue of
material fact exists and that he is entitled to summary judgment as a matter of law. Tex. R. Civ.
P. Ann. 166a(c) (Supp. 1992); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548
(Tex. 1985). We conclude that Reeves met his burden and the grant of summary judgment on
Yeager's cause of action for the breach of a duty of good faith and fair dealing was proper.

 Texas courts have consistently declined to recognize a duty of good faith and fair
dealing in an employer-employee relationship. Day & Zimmerman, Inc. v. Hatridge, 831 S.W.2d
65, 70-71 (Tex. App. 1992, writ requested); Casas v. Wornick Co., 818 S.W.2d 466, 468-69
(Tex. App. 1991, writ granted); Winograd v. Willis, 789 S.W.2d 307, 312 (Tex. App. 1990, writ
denied); McClendon v. Ingersoll-Rand Co., 757 S.W.2d 816, 819-20 (Tex. App. 1988), aff'd, 807
S.W.2d 577 (Tex. 1991); (2) Lumpkin v. H&C Communications, Inc., 755 S.W.2d 538, 540 (Tex.
App. 1988, writ denied); see Goodyear Tire & Rubber Co. v. Portillo, No. 13-362-CV (Tex.
App.--Corpus Christi, June 25, 1992, n.w.h.). Nevertheless, Yeager would have this Court
impose such an obligation in this instance. We decline to do so.

 In English, the supreme court declined to impose an implied covenant of good faith
and fair dealing between parties to every contract. English, 660 S.W.2d at 522. The court has,
however, recognized a duty of good faith and fair dealing in certain circumstances arising from
a special relationship between the parties to a contract. See, e.g., Aranda, 748 S.W.2d at 212
(special relationship exists in insurance context because of parties unequal bargaining power and
nature of insurance contracts); Amoco Prod. Co. v. First Baptist Church, 611 S.W.2d 610 (Tex.
1980) (implied covenant that lessee act in good faith in marketing gas). Although other
relationships creating a duty of good faith and fair dealing may exist, we find no authority to
impose such a duty here. See Day & Zimmerman, 831 S.W.2d at 71; Winograd, 789 S.W.2d at
312. Accordingly, we conclude the trial court properly granted summary judgment and overrule
point of error one.

 By her second point of error, Yeager contends that the trial court erred in adopting
findings of fact and conclusions of law that Reeves submitted. The trial court signed a final
judgment on July 11, 1991. Yeager timely filed a request for findings of fact and conclusions of
law and a notice of past due findings of fact and conclusions of law. Tex. R. Civ. P. Ann. 296,
297 (Supp. 1992). The trial court signed its findings of fact and conclusions of law on December
3, 1991, beyond the time limit set out in Rule 297.

 Yeager first asserts that the late filing was erroneous because Reeves filed proposed
findings and conclusions after September 9th, the date by which the court was to have filed
findings and conclusions. Tex. R. Civ. P. Ann. 4, 297 (Supp. 1992). Because Yeager properly
requested findings and conclusions, the trial court's duty to file them was mandatory. Cherne
Indus., Inc. v. Magallanes, 763 S.W.2d 768, 772 (Tex. 1989). Any error as to the late-filed
findings and conclusions is harmless absent some showing that the late filing injured Yeager's
rights. Ford v. Darwin, 767 S.W.2d 851, 856 (Tex. App. 1989, writ denied); see Horizon Prop.
Corp. v. Martinez, 513 S.W.2d 264, 266 (Tex. Civ. App. 1974, writ ref'd n.r.e.). Yeager does
not claim any injury because of the late filing.

 Under this point, Yeager next asserts, "There is a separate cause of action for
intentional or negligent infliction of emotional distress." In finding of fact number four, the court
found that Reeves neither intentionally nor negligently inflicted emotional distress on Yeager. The
court did not conclude that Yeager did not have a separate cause of action but found that, based
on the evidence, she did not meet her burden of proof on her claim. Yeager has not challenged
this finding; therefore, it is binding on this Court. Gibbs v. Greenwood, 651 S.W.2d 377, 380
(Tex. App. 1983, no writ); Texas State Bd. of Pharmacy v. Gibson's Discount Ctr., 541 S.W.2d
841, 861 (Tex. Civ. App. 1976, writ ref'd n.r.e.).

 Finally, Yeager asserts that the arguments Reeves raised on motion for summary
judgment resulted in an erroneous judgment on Yeager's negligence cause of action. Because the
trial court did not grant a summary judgment on this basis, the argument is without merit. We
overrule point of error two.

 In point of error three, Yeager contends the trial court erred in not awarding costs
of the suit to Yeager. The judgment taxes all costs of court against the party who incurred them. 
"[A] successful party" to a suit is to recover all costs incurred therein. Texas R. Civ. P. Ann.
131 (1979); Rogers v. Walmart Stores, Inc., 686 S.W.2d 599, 601 (Tex. 1985). Texas R. Civ.
P. Ann. 141 (1979), however, authorizes a trial court to assess costs otherwise than as provided
by law or rule, for good cause stated on the record. Building Concepts, Inc. v. Duncan, 667
S.W.2d 897, 905-06 (Tex. App. 1984, writ ref'd n.r.e.).

 The trial court's finding of fact number nine states that Reeves prevailed on five
of the six causes of action asserted against him. See Cravens v. Skinner, 626 S.W.2d 173, 177
(Tex. App. 1981, no writ) (when judgment rendered in defendant's favor, trial court may assess
costs against plaintiff). Yeager prevailed only on her cause of action for breach of contract. The
trial court did not abuse its discretion is assessing costs as it did. Rogers, 686 S.W.2d at 601;
Building Concepts, Inc., 667 S.W.2d at 906. We overrule point of error three.

 In his first cross-point of error, Reeves contends the trial court erred in finding that
a contract existed between the parties because its terms were not sufficiently definite to constitute
a binding agreement. The trial court found that Reeves and Yeager entered into an oral
employment contract by which he was to provide health insurance and that Reeves breached the
oral employment contract by not providing health insurance.

 Reeves attacks the finding of the existence of a contract only on the basis that the
parties did not agree to the contract's terms. See Bendalin v. Delgado, 406 S.W.2d 897, 899
(Tex. 1966) (to be enforceable, contract must be sufficiently certain to enable court to determine
parties' obligations). The terms which Reeves then discusses are terms for the insurance coverage
itself and not terms "of an oral employment contract . . . to provide health insurance." 
Accordingly, Reeves has not challenged the trial court's finding and it is binding on this Court. 
Gibbs, 651 S.W.2d at 380; Texas State Bd. of Pharmacy, 541 S.W.2d at 561. We overrule
Reeves's first cross-point of error.

 In his next cross-point, Reeves argues that the trial court erred in awarding
damages to Yeager because she did not prove that the medical expenses were reasonable and
necessary. The trial court awarded Yeager medical expenses in the amount of $2053.25 as
damages for Reeves's breach of contract.

 The purpose of damages is to place an injured party in as good a position as she
would have enjoyed if the other party had fully performed under the contract. Lakewood Pipe,
Inc. v. Conveying Techniques, Inc., 814 S.W.2d 553, 555 (Tex. App. 1991, no writ); see Stewart
v. Basey, 245 S.W.2d 484, 486 (Tex. 1952) (rule for measuring damages for breach of contract
is just compensation for the loss or damage actually sustained). To do so, damages must be
measured by a "legal standard to guide the fact finder" in determining what sum would
compensate for the injury. Jackson v. Fontaine's Clinics, Inc., 499 S.W.2d 87, 90 (Tex. 1973);
Turner v. PV Int'l Corp., 765 S.W.2d 455, 465 (Tex. App. 1988), writ denied per curiam, 778
S.W.2d 865 (Tex. 1989).

 Yeager proved expenses in the amount of $1762.25 for a hospital stay in December
1988 and the amount of $291.00 for emergency-room treatment. Reeves contends, in effect, that
there is no evidence to support the award of damages because Yeager did not prove that the
expenses were reasonable and necessary. See Dallas Ry. & Terminal Co. v. Gossett, 294 S.W.2d
377, 382-83 (Tex. 1956); Atchison, T. & S.F. Ry. Co. v. Standard, 696 S.W.2d 476, 480 (Tex.
App. 1985, writ ref'd n.r.e.); American Bankers Ins. Co. v. Lovell, 415 S.W.2d 705, 706 (Tex.
Civ. App. 1967, no writ).

 In deciding a no-evidence point, we must consider only the evidence and inferences
tending to support the finding and disregard all evidence and inferences to the contrary. Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986); Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965). Testimony that shows only the nature of the injury for which a party incurred
expenses, the character of and the need for the services rendered, and the amounts charged is not
probative evidence that the charges are reasonable. Dallas Ry. & Terminal Co., 294 S.W.2d at
382-83; American Bankers Ins. Co., 415 S.W.2d at 706.

 As to the amounts in question, Yeager testified that the bills were comparable with
those she had seen as a medical receptionist in two doctors' offices, including Reeves's office. 
Yeager testified further that the charges were reasonable. Although Reeves initially objected
when Yeager was asked about the reasonableness of the charges, he did not object to this later
testimony. Reeves and Yeager both testified as to the treatment received and the reasons for the
treatment. Because there is more that a scintilla of evidence that the expenses were reasonable
and necessary, we overrule the second cross-point.

 In her fourth point of error, we understand Yeager to complain that the trial court
erred in awarding only the amount of $2,053.25 as damages because the evidence supports an
award of a greater amount. Based on our review of the record, we conclude that, although Yeager
introduced evidence of other medical expenses, she did not offer evidence that these expenses
were reasonable and necessary. See Dallas Ry. & Terminal Co., 294 S.W.2d at 382-83; American
Bankers Ins. Co., 415 S.W.2d 706. The affidavits to which Yeager refers were attached to
Reeves's motion for summary judgment and were not before the court at the trial of the remaining
issues. We overrule the fourth point of error.

 In her fifth point of error, Yeager complains of the trial court's failure to award
attorney's fees. Yeager's attorney testified to fees in the amount of $21,114.75. The trial court
declined to award attorney's fees because Yeager did not prove reasonable and necessary
attorney's fees for prosecuting her breach of contract action against Reeves. Yeager now seeks
recovery of the entire amount.

 Generally, a litigant may recover attorney's fees only if a contract or statute
authorizes such recovery. New Amsterdam Casualty Co. v. Texas Indus. Inc., 414 S.W.2d 914,
915 (Tex. 1967). If a case involves more than one claim, a party may recover only attorney's fees
attributable to the claims for which recovery is authorized. International Sec. Life Ins. Co. v.
Finck, 496 S.W.2d 544, 546-47 (Tex. 1973); 4M Linen & Uniform Supply Co. v. W.P. Ballard
& Co., 793 S.W.2d 320, 327 (Tex. App. 1990, writ denied).

 If Yeager met the necessary prerequisites, she could recover only those attorney's
fees attributable to her claim for breach of contract. Tex. Civ. Prac. & Rem. Code Ann.
§ 38.001(8) (1986). She, therefore, had the burden to present evidence supporting her request
for attorney's fees based upon her breach of contract claim and to segregate those fees from those attributable to her other claims. Finck, 496 S.W.2d at 546-47; W.P. Ballard & Co., 793
S.W.2d at 327. In findings of fact seven and eight, the court stated that Yeager did not do so.

 Yeager asserts she was not required to apportion the attorney's fees among the
several claims. If causes of action arise out of the same transaction and are so interrelated that
their prosecution entails proof of essentially the same facts, a trial court may award recovery of
reasonable attorney's fees in connection with all claims even if some claims do not authorize
recovery of attorney's fees. Massey v. Massey, 807 S.W.2d 391, 404 (Tex. App. 1991, writ
requested); Village Mobile Homes, Inc. v. Porter, 716 S.W.2d 543, 552 (Tex. App. 1986, writ
ref'd n.r.e.). The claimant's failure to apportion the fees does not automatically preclude the
recovery of attorney's fees. Gill Sav. Ass'n v. International Supply Co., 759 S.W.2d 697, 705-6
(Tex. App. 1988, writ denied).

 Yeager suggests that the award of attorney's fees in this instance is mandatory. See
Carr v. Austin Forty, 744 S.W.2d 267, 271 (Tex. App. 1987, writ denied) (if presentment proper,
award of attorney's fees recoverable if claimant recovers judgment for any amount of the claim). 
The award of attorney's fees is a matter within the trial court's discretion. Keller Indus. Inc. v.
Reeves, 656 S.W.2d 221, 228 (Tex. App. 1983, writ ref'd n.r.e.). If awarded attorney's fees,
Yeager would recover fees in the amount of $21,114.75, incurred in prosecution of the five claims
for which no basis for recovery of attorney's fees exists and on which she did not prevail and in
prosecution of the breach of contract claim for which she recovered $2,053.25. See Wayland v.
City of Arlington, 711 S.W.2d 232, 233 (Tex. 1986) (amount of damages awarded is factor in
determining amount of attorney's fees recoverable). Because Yeager did not apportion the
amounts, we conclude that the trial court did not abuse its discretion and overrule point of error
five.

 The judgment of the trial court is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 26, 1992

[Do Not Publish]
1. Throughout her argument, Yeager refers to evidence presented at the trial on the merits of
her other claims. This Court may consider only evidence before the trial court at the time of the
hearing on motion for summary judgment. Gandara v. Novasad, 752 S.W.2d 740, 743 (Tex.
App. 1988, no writ); see Gibbs v. General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970)
(question on appeal is whether summary judgment proof establishes as a matter of law that there
is no genuine issue of fact).
2. The supreme court initially reversed the appellate court decision on the issue of wrongful
discharge based on an allegation that appellee terminated appellant to escape the obligation to
contribute to appellant's pension plan. McClendon v. Ingersoll-Rand Co., 779 S.W.2d 69 (Tex.
1989). The court expressly did not reach the issue relating to the tort of good faith and fair
dealing. Id. at 70 n.1. The United States Supreme Court reversed the decision on the basis that
the Employee Retirement Income Security Act preempts appellant's claim. Ingersoll-Rand Co.
v. McClendon, U.S. , 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). On remand, the supreme
court withdrew its previous opinion and judgment and affirmed the judgment of the court of
appeals. McClendon, 807 S.W.2d at 577.