County Management, Inc. v. Hillboldt 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-82-13762-CV





COUNTY MANAGEMENT, INC.,



 APPELLANT


vs.





GROVER L.R. HILLBOLDT AND CHARLOTTE B. HILLBOLDT,



 APPELLEES



 



FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT



NO. 13,333, HONORABLE OLIVER S. KITZMAN, JUDGE PRESIDING


 




PER CURIAM

 Grover L.R. Hillboldt and Charlotte B. Hillboldt, appellees, filed suit against
County Management, Inc., appellant, to terminate an oil and gas lease. The district court
rendered summary judgment for the Hillboldts, and County Management appeals. We will
dismiss the appeal for want of jurisdiction.

 The following relevant events have occurred in this cause:

 March 18, 1982 Judgment rendered in state district court

 April 16, 1982 Motion for new trial filed

 May 18, 1992 County Management files for involuntary bankruptcy

 May 28, 1982 Motion for new trial denied

 June 14, 1982 Certificate of cash deposit filed with district clerk

 June 18, 1982 Transcript filed with court of appeals

 July 19, 1982 Appellant's brief filed

 July 23, 1982 Appellees' motion to extend time to file brief filed and extension
granted until September 13, 1982

 September 7, 1982 Appellees' second motion to extend time to file brief filed
and extension granted until thirty days after bankruptcy stay
lifted (brief not yet tendered for filing)

 1985 Adversary case between Hillboldts and County Management
filed in bankruptcy court (No. 82-01374-H1-11 (Bankr.
S.D. Tex.), adversary no. 85-0135-H3)

 June 10, 1987 Appellees' motion to substitute attorney filed

 June 17, 1987 Appellees' motion to substitute attorney granted (1)

 September 22, 1987 Adversary case between Hillboldts and County Management
dismissed for want of prosecution (No. 82-01374-H1-11
(Bankr. S.D. Tex.), adversary no. 85-0135-H3)

 October 1, 1991 Bankruptcy dismissed (No. 82-01374-H1-11 (Bankr. S.D.
Tex.))

 May 20, 1992 Court of appeals abated appeal due to apparent existence of
bankruptcy

 February 17, 1993 Court of appeals reinstated appeal



 This Court does not have jurisdiction over the cause because the trial-court
proceeding was an action against the debtor, and, therefore, the automatic stay in bankruptcy
applied to the appeal. See 11 U.S.C. § 362(a) (1988). Since the automatic stay applies to this
cause, the trial court's ruling on appellant's motion for new trial was void, and appellant's filing
of the certificate of cash deposit with the district clerk was of no effect, as were all subsequent
actions by this Court. See Nautical Landings Marina v. First Nat'l Bank, 791 S.W.2d 293, 296
(Tex. App.--Corpus Christi 1990, writ denied). County Management did not properly perfect its
appeal. (2)

 The appeal is dismissed for want of jurisdiction.


[Before Justices Powers, Kidd and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: April 21, 1993

[Do Not Publish]
1. Because we have determined that our action of June 17, 1987, was void, we have since
granted appellees' motion to substitute attorney as of October 2, 1991.
2. We do not address the issue of whether the time for perfecting the appeal was tolled during
the pendency of the stay because County Management took no action after the bankruptcy was
dismissed on October 1, 1991.