Mary KLAGER & Gene Klager, Appellants,

v.

Dr. Fabian WORTHING, III; O'Quinn, Kerensky, McAninch & Laminack; and Richard N. Laminack, Appellees.

No. 04–95–00134–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 1996.

Jesse R. Castillo, Sam N. Nieto, Castillo & Nieto, P.C., San Antonio, for Appellants.

Jeffrey H. Uzick, James B. Lewis, Glover, Anderson, Chandler & Uzick, L.L.P., Houston, Thomas R. McDade, William P. Maines, McDade & Floger, L.L.P., Houston, Luther H. Soules, III, Sara Murray, Soules & Wallace, San Antonio, for Appellees.

Before LÓPEZ, GREEN and SHIRLEY W. BUTTS, JJ.

### ON MOTION FOR REHEARING

LÓPEZ, Justice (joined by Justice SHIRLEY W. BUTTS [1]).

On motion for rehearing, OKM&L first argues that this court erred in its holding

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

that OKM&L failed to conclusively exclude itself as the party that mishandled Mrs. Klager's implants and tissue samples and that a fact issue remained to be tried on that issue. OKM&L next argues, alternatively, that this court erred in reversing and remanding the entire summary judgment as to OKM&L rather than remanding for trial only the remaining issue of OKM&L's exercise of reasonable care in the handling of Mrs. Klager's implants and tissue samples. We overrule the first rehearing point of error, but grant the motion for rehearing on the alternative ground. Accordingly, the judgment is modified to conform to our opinion.

The summary judgment in favor of Dr. Fabian Worthing, III, is affirmed. The summary judgment in favor of the law firm of O'Quinn, Kerensky, McAninch and Laminack and Richard Laminack is reversed and remanded for trial only on the issue of the law firm's and Laminack's exercise of reasonable care in the handling of Mrs. Klager's implants and capsule tissue specimens in connection with the silicone breast implant litigation; all other aspects of the summary judgment in favor of the law firm and Laminack are affirmed.

GREEN, Justice, dissenting on motion for rehearing.

I respectfully dissent to the failure of the majority to grant OKM&L's first rehearing point of error.

A close examination of the summary judgment evidence reveals that the only evidence on the question of the law firm's handling of Mrs. Klager's tissue samples consisted of the uncontroverted affidavit of Elaine Rosen, an employee of the law firm. Rosen stated that the Klager tissue samples were received from the hospital in sealed labeled containers, which were then stored in a safe and secure area. The samples remained stored in this manner until they were sent to Drs. Abraham and Puszkin for evaluation.

As an interested witness, Rosen's uncontroverted affidavit will support a summary judgment only if it is "clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." TEX R. CIV. P. 166a(c). Her testimony is obviously

clear, positive and direct, and is internally consistent. What is not so obvious is whether the testimony was readily controvertible because evidence on the handling of the tissue samples seemingly could only come from the law firm. Determination of this question is critical because if the Rosen testimony was not readily controvertible, the testimony is incompetent to support a summary judgment. See id; Pinckley v. Gallegos, 740 S.W.2d 529, 533 (Tex. App.—San Antonio 1987, writ denied)(affidavit in support of summary judgment must be "susceptible of controverting").

In determining whether such summary judgment evidence is readily controvertible, the courts have drawn a distinction between evidence that may simply be hard to obtain and evidence that, by its nature, does not lend itself to contradiction. An affidavit consisting of evidence of the former type will support a summary judgment; an affidavit of the latter type will not. In this connection, the supreme court has said:

We believe that "could have been readily controverted" does not simply mean that the movant's summary judgment proof could have been easily and conveniently rebutted. Rather, it means that testimony at issue is *of a nature* which can be effectively countered by opposing evidence.

Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989)(emphasis added); see Nautical Landings Marina, Inc. v. First Nat'l Bank, 791 S.W.2d 293, 300 (Tex.App.—Corpus Christi 1990, writ denied)("The readily controvertible rule is directed not at the difficulty of obtaining opposing affidavits but at the situation when it is impossible to obtain controverting evidence."). Self-serving statements of interested parties on issues related to their intent, knowledge, or state of mind are not susceptible to being readily controverted and will not support a summary judgment. See Nautical Landings Marina, 791 S.W.2d at 300; Allied Chem. Corp. v. DeHaven, 752 S.W.2d 155, 158 (Tex.App—Houston [14th Dist.] 1988, writ denied). But a statement containing objectively ascertainable facts is readily controvertible and is competent summary judgment proof. See e.g. Ross v. Texas One Partnership, 796 S.W.2d 206, 211 (Tex.

App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex. 1991); *Nautical Landings Marina*, 791 S.W.2d at 300.

In the *Ross* case, the question before the court was whether there was evidence that Texas One exercised actual control over the work performed by a security company. 796 S.W.2d at 211. In uncontroverted deposition testimony, Neal, the owner of the security company, testified as to how he supervised the guards employed by his company; that he established certain rules and regulations governing the conduct of his guards; that his company provided services to Texas One to provide security using his expertise as he saw fit and using his own means and methods. *Id.* The court noted that Neal was not the only person who could have testified about the right of control between Texas One and the security company, *id.*, and held that his testimony was readily controvertible and was competent summary judgment proof. *Id.*

Similarly, Rosen's testimony was readily controvertible. Her statement consisted of objectively ascertainable facts—that the tissue samples were received by the law firm in sealed labeled containers, which were then securely stored until they were sent to the expert witnesses—which were confirmable or controvertible from other sources. The evidence was not of the nature that consisted of the "mental workings of an individual's mind" or "matters about which adversaries have no knowledge or ready means of confirming or controverting." *See* Timothy Patton, Summary Judgments in Texas: Practice, Procedure, and Review § 6.03[9][b] (2d ed. 1996). Simply because controverting evidence might be difficult or impossible to obtain (*e.g.*, it simply may not exist) does not affect the competence of the summary judgment proof so long as it is of the *nature* that is subject to being controverted.

In short, I believe Rosen's uncontroverted and unchallenged affidavit was competent summary judgment evidence and suffices to disprove one of the essential elements of Klager's negligence claim against OKM&L: to wit, that OKM&L breached its duty to safeguard the custody, identity, and integrity of the implants and tissue samples.

I would grant OKM&L's motion for rehearing and affirm the trial court's summary judgment in its entirety.