**Tomas Chapa YZAGUIRRE,
et al., Petitioners,**

v.

**KCS RESOURCES INC., Respondent.**

No. 00–0829.

Supreme Court of Texas.

Oct. 26, 2000.

Justice OWEN, joined by Justice HECHT, dissenting from the denial of the petition for review.

The questions presented in this case are significant. Because the Court refuses either to grant the petition or to order the court of appeals' opinion published, I dissent.

The principal issue in this case is whether an oil and gas lessee may pay royalties based on the market value of natural gas at the time it was sold or if, instead, royalties must be based on the actual prices that the lessee receives when those prices are higher than the prevailing market value. The leases at issue provide that the royalties to be paid are "the market value at the well of one-eighth of the gas sold or used." The lessee sold the gas produced from these leases under a gas sales contract that required the purchaser to pay a price significantly higher than spot market prices for natural gas. However, the lessee paid royalties based on spot market prices rather than the higher prices at which it actually marketed the gas.

The royalty owners contend, among other things, that there is an implied covenant in each of the leases that requires the lessee to obtain the best price available and to pay royalties based on that price even when an express royalty clause would yield a lower royalty. They cite this Court's decisions in *Cabot Corp. v. Brown*, 754 S.W.2d 104, 106 (Tex.1987), *Exxon Corp. v. Middleton*, 613 S.W.2d 240 (Tex. 1981), and *Texas Oil & Gas Corp. v. Vela*, 429 S.W.2d 866 (Tex.1968). They also rely on *Amoco Production Co. v. First Baptist Church of Pyote*, 579 S.W.2d 280 (Tex.Civ. App.—El Paso, 1979), *writ ref'd per curiam n.r.e.*, 611 S.W.2d 610 (Tex.1980).

In an unpublished opinion, the Fifth Court of Appeals held that no implied covenant required the lessee to pay royalties based on the prices at which it actually marketed the gas, and that the lessee was entitled under the leases to pay royalties based on the lower spot market prices. *Yzaguirre v. KCS Resources, Inc.*, No. 05–97–02020–CV (Tex.App.—Dallas, June 27, 2000, pet. denied) (not designated for publication), 2000 WL 822424. This Court has not addressed the issue, nor have any of the courts of appeals addressed the issue in a published opinion. The only other decision on this question of which I am aware is another unpublished opinion from the Fifth Court of Appeals in which it reached the same conclusions for the same reasons it has given in this case. *See De Los Santos v. Coastal Oil & Gas Corp.*, No. 05–97–00029–CV (Tex.App.—Dallas, August 17, 1999, pet.denied) (not designated for publication), 1999 WL 619639.[1]

---

1. The opinions in both cases are also available on the website of the Fifth District Court of Appeals, which is ht tp://court-stuff.com/5th/. The specific URL for *Yzaguirre* is http://courtstuff.com/cgi-bin/as web.exe?c

05 00.ask+D+15047424. The specific URLs for *De Los Santos* are http://court-stuff.com/cgi-bin/as web.exe?c05 99.-ask+D+8920349 (initial opinion), and

The issues presented are important ones that are not unique to this case and need to be resolved. We received eleven amicus briefs when the petition in *De Los Santos* was before us, and we received two amicus briefs in this case. Amici have included the American Petroleum Institute, the National Association of Royalty Owners, and the Texas Land and Mineral Owners Association. We also received motions from amici to publish the court of appeals' decision in *De Los Santos*. Those motions pointed out that the issues addressed by the court of appeals have been raised in litigation across the state, with at least ten cases specifically identified, including class actions. I agree with amici that the Fifth Court of Appeals' opinions "involve[ ] a legal issue of continuing public interest," which under our rules means that the opinions should be published. *See* TEX. R.APP.P. 47.4(b). Yet, this Court refused to grant the petition in *De Los Santos*, and it denied the motions to publish. The Court has now refused to grant the petition in this case and has again refused to publish the court of appeals' opinion.

I fail to see how the administration of justice is served by the Court's actions. The motions to publish in *De Los Santos* observed that literally hundreds of thousands of dollars are being spent by litigants to resolve the question of whether there is an implied covenant to market under circumstances like those presented in this case. Why does this Court choose to leave those litigants and the courts in which the issues are pending in the dark? Under our rules of procedure, an unpublished opinion is no precedent at all and "must not be cited as authority by counsel or by a court." *See* TEX.R.APP.P. 47.7. If this Court believes that the Fifth Court of Appeals has correctly decided the significant issues that have come before it, then

it should order the opinions published so that they may be used to guide other courts. If this Court believes that the court of appeals has missed the mark, then it should either grant the petition for review in this case or order the court of appeals' decisions published so that other courts of appeals will have an opportunity to analyze the reasoning and either follow it or chart their own course.

Because justice has been denied by the Court's inaction in this case, I dissent.

99.ask + D + 15146020 (opinion n rehearing).