**WALKER'S COUNTRY PLACE, INC., Appellant,**

v.

**CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY, Texas, Appellee.**

No. 11–93–050–CV.

Court of Appeals of Texas, Eastland.

Dec. 2, 1993.

John Allen Chalk, Kenneth P. Gudgen, Gandy, Michener, Swindle & Whitaker, Fort Worth, Jeff E. Johnson, Abilene, for appellant.

Shelburne J. Veselka, Michael Reed, McCreary, Veselka, Bragg & Allen, Austin, for appellee.

OPINION

DICKENSON, Justice.

This appeal concerns a taxpayer's liability for penalties and interest under TEX.TAX CODE ANN. §§ 33.01 and 33.07 (Vernon 1992). The penalties and interest accrued under operation of law while a prior owner of the property was in bankruptcy. The controlling issue is whether the penalties and interest were void, or merely voidable, because of the automatic stay provisions in the bankruptcy code. See 11 U.S.C.A. § 362 (West 1993).

Walker's Country Place, Inc. concedes that the tax liens under TEX.TAX CODE ANN. § 32.01 (Vernon 1992) were valid as to the ad valorem taxes owed on an apartment complex for tax years 1986 and 1987; however, the taxpayer contends that the automatic stay[1] prevents a valid lien for the penalties and interest which otherwise would have ac-

---

1. Section 362 provides in pertinent part that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the [bankruptcy] estate."

crued because of the late payment of the 1986 and 1987 taxes. After the automatic stay was lifted, the taxpayer purchased the property from the mortgagee which had foreclosed its lien on the property. The bankruptcy court was not asked to rule upon the question which is now before us. The dispute was submitted to the trial court in a nonjury proceeding on stipulated facts. The trial court rendered judgment on January 14, 1993, that the taxpayer take nothing by its suit. We affirm.

### Points of Error

Appellant presents seven points of error, arguing in Points 1 and 2 that the trial court erred in not granting judgment for a refund of the penalties and interest. These two points have been considered and overruled.[2] The other five points deal with matters which are moot (the reasons given by the trial court for its ruling) because the trial court must be affirmed when its decision is correct.[3]

### Controlling Issue

If the penalties and interest imposed by state law were void because of the automatic stay under federal bankruptcy law, then the taxpayer can make a collateral attack upon them in these proceedings. On the other hand, if the penalties and interest imposed by state law are only voidable, then a direct attack in bankruptcy court would be required in order to set them aside.

We are persuaded by the holding in *Sikes v. Global Marine, Inc.*, 881 F.2d 176 at 178 (5th Cir.1989), that:

> [T]he better reasoned rule characterizes acts taken in violation of the automatic stay as voidable rather than void.

The taxpayer relies upon certain statements in *Pointer*; however, it should be noted that *Pointer* involves a direct attack, rather than a collateral attack, on the penalties and interest which were imposed by operation of state law during the pendency of the prior owner's bankruptcy proceedings. In *Pointer*, the bankruptcy court had ruled on the validity of the tax lien and on whether the taxing units should be permitted to recover the penalties and interest in addition to the base tax. The federal district court's order affirming the bankruptcy court's determination was affirmed insofar as it held that the taxing units were not entitled to recover the post-petition penalties and interest. In the case before us, the bankruptcy court made no such determination. As we read *Pointer*, the automatic stay did not make those penalties and interest void; the automatic stay made them voidable; and the bankruptcy court had power to validate or invalidate the penalties and interest. Since the bankruptcy court did not invalidate the penalties and interest, they cannot be collaterally attacked in these state court proceedings. Consequently, the trial court correctly ruled that the taxpayer should take nothing by its suit for a refund of the penalties and interest which it paid in order to prevent the tax foreclosure sale.

### Ruling by this Court

The judgment of the trial court is affirmed.

---

2. When the suit was filed in 1989, the taxpayer was seeking a declaratory judgment that the lien secured only the tax and no penalty or interest. Apparently, on May 1, 1989, the taxpayer paid the entire amount which the appraisal district claimed in order to prevent a tax foreclosure. Even though the pleadings were not amended, its brief shows that the taxpayer is now seeking a refund of $34,254.62 for the penalties paid, $23,-937.46 for the interest paid, and interest on both amounts at the rate of 6 percent per annum from May 1, 1989, until the refund is paid.

3. Appellant complains in Points 3, 4, and 5 about the trial court's statement in the letter to counsel dated December 10, 1992, that appellant "lacks standing to contest the penalties and interest." Appellant complains in Point 6 about the trial court's statement in that letter that it "lacks authority to set aside those charges." Appellant also complains in Point 7 about the trial court's statement in that same letter that *In the Matter of Pointer*, 952 F.2d 82 (5th Cir.1992), is "limited to the situation where the bankruptcy court makes that finding [setting aside the penalty and interest] under bankruptcy law."