Wayman Henry **CHUNN**, III, and Software Dynamics Corporation, Appellants,

v.

Linda Lee **CHUNN**, Appellee.

No. 01–95–00202–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1996.

Richard W. Schmude, Tomball, for appellants.

John Lohmann, Houston, for appellee.

Before SCHNEIDER, C.J., and HEDGES and ANDELL, JJ.

## ORDER

SCHNEIDER, Chief Justice.

This appeal arises from a divorce case involving appellant Wayman Henry Chunn III (the husband), appellee Linda Lee Chunn (the wife), and their community property, including appellant Software Dynamics Corporation.[1] The Chunns filed for divorce in August 1990.[2] The issue in this case is whether tendering a document to a trial or appellate clerk during the pendency of an automatic stay in bankruptcy is a void act, or whether the clerk may properly *receive* the document and file it once the automatic stay is lifted. We hold (1) the Bankruptcy Code does not require us to consider such acts void and (2) no useful purpose would be served in so doing.

### Software's Bankruptcy

On March 22, 1994, Software filed a bankruptcy petition, thus initiating the first automatic stay as to any further judicial proceedings against the company. *See* 11 U.S.C. § 362 (1994). On July 14, 1994, the bankruptcy court lifted the stay as to trial court proceedings *only*. *Chunn v. Chunn (In re Software Dynamics Corp.)*, No. 94–41983–H3–11 (Bankr.S.D.Tex. July 14, 1994). In September 1994, the state trial court conducted a bench trial. On November 9, 1994, the state trial court signed a final divorce decree. Also on November 9, 1994, the husband filed a request for findings of fact and conclusions of law.

### The Husband's Bankruptcy

On December 5, 1994, the husband filed for bankruptcy, which began the operation of the second automatic stay. On March 22, 1995, the bankruptcy court lifted the second automatic stay as to *both* trial court and appellate proceedings.[3] *Chunn v. Chunn (In re Chunn)*, No. 94–48265–H3–7 (Bankr. S.D.Tex. Mar. 22, 1995), *aff'd*, No. H–96–278 (S.D.Tex. Jan. 29, 1996).

---

1. We do not reach the issue in this presubmission order whether Software is a proper party to this appeal.

2. Later aspects of the divorce suit not relevant here are discussed in *Ex Parte Chunn*, 881

S.W.2d 912, 913–15 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding).

3. We note that the state trial court proceedings were already over at this time.

On December 1, 1994, both the husband and Software tendered appeal bonds. On April 13, 1995, this Court recognized the appeal was subject to the automatic stays and that we could take no further action. On July 24, 1995, the bankruptcy court granted additional relief from Software's automatic stay as to appellate proceedings. *Chunn v. Chunn (In re Software Dynamics Corp.)*, No. 94–41983–H3–11 (Bankr.S.D.Tex. July 24, 1995). On August 7, 1995, we issued an order recognizing that the bankruptcy court had lifted the automatic stays in both the husband and Software's bankruptcy actions to allow the appeal to continue effective July 24, 1995. In the August 7 order, however, we also questioned whether we had jurisdiction over the appeal, because one, or both, of the automatic stays may have been violated by the trial court's rendition of a final divorce decree and the perfection of the appeal. Finally, on August 23, 1995, the husband and Software filed their second motion for extension of time to file the statement of facts.

We will not discuss the effect of the husband's bankruptcy petition. The husband's automatic stay began and ended during the period of Software's automatic stay. For this reason, Software's stay would have already prevented any actions that would otherwise have been stayed by the husband's stay.

### Appealable Final Judgment

■ We first turn to the question of whether the trial court rendered an appealable final judgment.

■ A petition filed under the Bankruptcy Code operates as an automatic stay of judicial proceedings against the debtor. 11 U.S.C. § 362(a)(1) (1994).[4] The automatic stay deprives state courts of jurisdiction over

the debtor and its property unless the bankruptcy court lifts or modifies the stay. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 489–90 (Tex.1988); *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 287 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The bankruptcy court granted relief from the automatic stay in Software's bankruptcy on July 14, 1994:

> ORDERED, ADJUDGED and DECREED that the automatic stay is in all things lifted pursuant to 11 U.S.C. § 362(d) in order that Movant and Plaintiff, Linda Lee Chunn, can prosecute and litigate any and all claims and causes of action pending in the District Court of Fort Bend County, Texas, 328th Judicial District Court, in the case styled *In the Matter of the Marriage of Linda Lee Chunn and Wayman Henry Chunn, III, et al.*;

*Chunn v. Chunn (In re Software Dynamics Corp.)*, No. 94–41983–H3–11 (Bankr.S.D.Tex. July 14, 1994).

On November 9, 1994, the state trial court signed the final divorce decree. Because the bankruptcy court lifted the Software automatic stay on July 14, 1994 to allow the wife to proceed with the divorce action, we hold the final divorce decree was not subject to Software's automatic stay and is an appealable final judgment.

### Perfection of the Appeal

■ We turn now to the question of whether the perfection of the appeal violated Software's automatic stay. The husband and Software tendered the appeal bond on December 1, 1994 and also tendered various other appellate documents during Software's automatic stay.[5]

---

**4.** The appellate court must examine the original posture of the case in the trial court to determine when an action is "against the debtor." *American Precision Vibrator Co. v. National Air Vibrator Co.*, 771 S.W.2d 562, 563 (Tex.App.—Houston [1st Dist.] 1989, no writ).

**5.** The documents are: (1) request for statement of facts (Dec. 1, 1994); (2) designation of transcript (Dec. 8, 1994); (3) supplemental designation of transcript (Jan. 18, 1995); (4) supplemental request for statement of facts (Jan. 18, 1995);

(5) six-volume transcript (Feb. 23, 1995); (6) one-volume statement of facts of December 30, 1994 hearing (Mar. 1, 1995); (7) husband's motion to supersede district court's order providing temporary support pending appeal (Mar. 1, 1995) (overruled Mar. 9, 1995); (8) one-volume first supplemental transcript (Mar. 6, 1995); (9) husband and Software's motion for extension of time to file statement of facts (Mar. 9, 1995) (granted Mar. 23, 1995); (10) one-volume statement of facts of January 12, 1995 hearing (Mar. 10, 1995); (11) husband and Software's motion

The United States Supreme Court and the Texas Supreme Court have both held that judicial actions taken against the debtor in violation of an automatic stay are void, not voidable. *Kalb v. Feuerstein*, 308 U.S. 433, 439, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988). The Fifth Circuit, on the other hand, has taken a different approach. *Sikes v. Global Marine*, 881 F.2d 176, 178–79 (5th Cir.1989); *see Thomas v. Miller*, 906 S.W.2d 260, 261–62 (Tex.App.—Texarkana 1995, no writ). In *Sikes*, the Fifth Circuit held that actions taken in violation of the automatic stay are voidable rather than void, because the 1978 addition of section 362(d), added after the *Kalb* opinion, gives the bankruptcy court power to annul the automatic stay. *Sikes*, 881 F.2d 176 at 178–79.

■■■■ As well reasoned and persuasive as the Fifth Circuit approach is, it is *only* persuasive. We are "obligated to follow only higher Texas courts and the United States Supreme Court." *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex.1993). Thus, we are bound by Texas Supreme Court's decision in *Continental Casing Corp.* and consider the question now before us in light of the fact that judicial actions stayed by section 362 are void, not voidable.[6]

Notwithstanding Texas precedent, we see no reason to treat the appeal bonds as either void or voidable. They should instead, as strong public policy dictates, be treated as prematurely filed documents. *See* Tex. R.App.P. 41(c) (no appeal bond shall be held ineffective because prematurely filed, and bond shall be deemed filed immediately after and on same date judgment is signed). We conclude no public policy is served by prohib-

iting parties from prematurely filing documents necessary to their appeal. Tex. R.App.P. 41(c). We are aware, however, of a contradictory holding from a sister court of appeals, in a case with similar facts. *Nautical Landings Marina, Inc. v. First Nat'l Bank*, 791 S.W.2d 293, 296 (Tex.App.—Corpus Christi 1990, writ denied). We disagree with that holding.

In *Nautical Landings*, the trial court rendered final summary judgment against the defendant, Nautical Landings, on August 9, 1988. The trial court then denied Nautical Landings' motion for new trial on September 8, 1988. Nautical Landings filed for bankruptcy on October 5, 1988, and later filed an appeal bond with the trial court clerk on November 4, 1988. The court of appeals issued an order abating the appeal on November 17, 1988 due to the automatic stay. Finally, the bankruptcy court lifted the stay as to appeals on February 14, 1989. Nautical Landings took no further action to perfect its appeal. *Id.* at 295.

Nautical Landings argued the effect of tendering its appeal bond after the initiation of the automatic stay was that the appeal bond should be treated as immediately filed upon the lifting of the stay and the removal of the abatement. 791 S.W.2d at 296. The court rejected this argument, solely on the ground the appeal bond was void. *Id.* We see no reason to treat the premature filing of appeal bonds unlike any other premature activity.[7]

Obviously, the prematurely filed documents remain without legal effect during the automatic stay. But to require a party to file more, if not identical, papers with the clerk when the automatic stay is lifted seems

---

to abate appeal (Mar. 10, 1995); (12) wife's response and objection to husband's motion to *supersede district court's order providing temporary support pending appeal* (Mar. 10, 1995); (13) wife's response and objection to husband and Software's motion to abate appeal (Mar. 17, 1995); and (14) wife's notice of relief from automatic stay (Apr. 21, 1995).

**6.** We suggest, however, that the Texas Supreme Court should revisit this issue because the law appears unsettled. Less than 30 days before the

supreme court issued *Continental,* it issued *Goswami* and stated, "[a] bankruptcy court may annul a stay to validate actions taken during that time." *Goswami,* 751 S.W.2d at 489.

**7.** We note that if the Corpus Christi Court strictly adhered to its own ruling in *Nautical Landings,* then the court would not have taken the judicial act of abating the appeal during the automatic stay, because the abatement order would have been void.

pointless. We see no public policy that could be served by requiring such hypertechnical procedures. Conversely, the public policy that courts should settle disputes on their merits favors treating these documents as prematurely filed until the stay is lifted or otherwise terminated.[8]

## Filing of Documents

■ On July 24, 1995, the bankruptcy court lifted Software's automatic stay as to appellate proceedings. The prematurely filed appeal bonds and the documents listed in footnote five are deemed filed immediately after the automatic stay was lifted. Although the pendency of the automatic stay did not toll the state appellate timetables, the Bankruptcy Code provides a residuary 30–day extension of time to file a document:

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, . . . with respect to such claim.

11 U.S.C. § 108(c) (1994); see Raley v. Lile, 861 S.W.2d 102, 104–05 (Tex.App.—Waco 1993, writ denied).[9] Under section 108(c), the appeal bonds and the documents listed in footnote five were timely filed on July 24, 1995.

## Conclusion

We **order** the Clerk of this Court (1) to enter the appropriate dates of filing on the Court's docket and (2) to note that the following orders of this Court were void due to the pendency of the automatic stay: (a) March 9, 1995 order overruling the husband's motion to supersede the district court's order providing temporary support pending appeal; (b) March 17, 1995 order referring the cause to mediation; and (c) March 23, 1995 order granting the husband and Software's motion for extension of time to file the statement of facts. We now **overrule** the husband's motion to supersede the district court's order providing temporary support pending appeal. We **grant** the husband and Software's second motion for extension of time to file the statement of facts until August 15, 1996, and we **dismiss as moot** the husband and Software's original motion for extension of time to file the statement of facts. We **overrule** the wife's January 24, 1996 motion to dismiss the appeal and/or for further orders. The husband and Software's motion to abate the appeal remains pending before the Court.

It is so **ordered.**

8. As a practical matter, most parties employ separate counsel for their bankruptcy and state court proceedings. The hypertechnical approach in *Nautical Landings* requires counsel in the state proceeding who wants to perfect an appeal to either (1) carefully monitor the bankruptcy proceeding to see if the stay has been lifted or terminated or (2) file a motion with the bankruptcy court to lift the automatic stay so the state appeal can be perfected. We see no reason to make appellate practice any more difficult than it already is by requiring such heroic measures to perfect an appeal.

9. Because the husband filed a request for findings of fact and conclusions of law, his deadline to file the appeal bond under Texas Rule of Appellate Procedure 41(a)(1) was February 7, 1995.