Stephen B. PAINE and Plexus
Information Network,
Inc., Appellants,

v.

Forrest SEALEY, Greg Copeland and
Robert Gruden, Appellees.

No. 14–95–00382–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 20, 1997.

Stephen B. Paine, Geoffrey H. Bracken, James G. Munisteri, Houston, for appellants.

John Lee Arellano, Deborah Heaton McElvaney, Houston, for apellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Plexus Information Network, Inc. [Plexus] and Stephen B. Paine [Paine] appeal an order granting summary judgment in favor of Forrest Sealey, Greg Copeland, and Robert Gruden [appellees]. Appellees sued Plexus for breach of contract and fraud, and filed suit against Paine, Plexus's president and sole shareholder, in an effort to pierce the corporate veil. The trial court granted summary judgment in favor of appellees based solely on unanswered requests for admissions. In four points of error, Plexus and Paine contend the trial court erred in granting summary judgment. We reverse and remand.

## BACKGROUND

On March 26, 1994, appellees filed suit against Plexus and Paine alleging (1) Plexus had breached certain contracts and committed fraud, and (2) Paine was Plexus's alter ego. On June 7, 1994, Paine filed personal bankruptcy. On July 12, 1994, appellees sent both Paine and Plexus requests for admissions that were due by August 15, 1994. See TEX.R. CIV. P. 169. Neither Paine nor Plexus responded to the discovery requests. On October 26, 1994, the bankruptcy court dismissed Paine's bankruptcy petition.[1] Seven days later, appellees filed a motion for summary judgment against Paine and Plexus based solely on the unanswered requests for admissions. The trial court held a December 12, 1994 hearing on the motion and granted summary judgment in appellees' favor. This appeal followed.

## STANDARD OF REVIEW

The standard for reviewing summary judgments is well rehearsed. Summary judgment is proper only when the movant establishes there is no genuine issue of material fact and proves he is entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c).

---

1. The record does not contain a copy of Paine's bankruptcy petition. The existence of the bankruptcy and the attaching automatic stay, however, is not in dispute. The relevant dates concerning Paine's bankruptcy are derived from other documents within the record and the parties' respective briefs.

In deciding whether a disputed issue of material fact exists that would preclude summary judgment, we treat evidence favorable to the non-movant as true and indulge every reasonable inference in his favor. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997) (citing *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985)).

## ANALYSIS

Appellants' first point of error contends the admissions that form the basis of the summary judgment are void because the requests for admissions were served upon them during the pendency of Paine's automatic bankruptcy stay. Because the requests for admissions are void, appellants argue, they cannot serve as a valid basis for summary judgment.

*Summary Judgment Against Paine.*

■ The commencement of a bankruptcy case operates as a stay to:

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C.A. § 362(a)(1) (West 1993 & Supp. 1995). A bankruptcy stay is automatically triggered when the bankruptcy petition is filed whether or not a party or the non-bankruptcy court learns of it prior to taking action against the debtor. The stay provides the bankrupt a period of respite so that he will have an opportunity to make appropriate plans for reorganization and remains in effect until the bankruptcy proceeding is concluded or the property at issue is no longer in the bankruptcy estate. *See id.* at § 362(a)(1), (c); *see also Baytown State Bank v. Nimmons*, 904 S.W.2d 902, 905 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Lawrenson v. Global Marine, Inc.*, 869 S.W.2d 519, 523 (Tex.App.—Texarkana 1993, writ denied); *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied); *Haun v. Steigleder*, 830 S.W.2d 833, 834 (Tex.App.—San Antonio 1992, no writ).[2]

■ When a party, who has not sought relief from the bankruptcy stay, attempts to commence or continue a lawsuit against the debtor, the action taken is void. *See Kalb v. Feuerstein*, 308 U.S. 433, 439, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940); *Howell v. Thompson*, 839 S.W.2d 92 (Tex.1992); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988).[3] Appellees acknowledge they served the requests for admissions upon Plexus and Paine during the pendency of the bankruptcy stay, but argue service of the discovery requests is a voidable, not void act. To support their argument, appellees cite *Sikes v. Global Marine*, 881 F.2d 176, 178–79 (5th Cir.1989). In *Sikes*, the Fifth Circuit held the bankruptcy court had the authority to retroactively validate pleadings filed during the pendency of the bankruptcy stay. *See id.* The court reasoned that Congress, by adding section 362(d) to the Bankruptcy Code after the United States Supreme Court's decision in *Kalb*, intended to give bankruptcy courts the power to annul the stay and validate actions taken in violation of the stay. *See id.* Appellees argue this court should adopt the Fifth Circuit's "voidable" approach and apply the *Sikes* reasoning to the present case.

---

**2.** Although the rendition and entry of judgment fell outside the date of Paine's bankruptcy action, the *only* proof offered in support of appellees' motion for summary judgment were the requests for admissions served and deemed *while Paine was under the protection of the automatic stay.* Whether summary judgment would be proper if appellees had offered additional or alternative summary judgment proof is not before us.

**3.** We recognize that less than one month before issuing *Continental*, the supreme court issued *Goswami v. Metropolitan Sav. and Loan Ass'n*, 751 S.W.2d 487 (Tex.1988), in which the court acknowledged that "[a] bankruptcy court may annul a stay to validate actions taken during that time, or take some action to recognize the invalidity of the stay order." *Id.* at 489. Although a bankruptcy court may take such action, appellants have neither argued, nor is there any evidence in the record, that the bankruptcy court annulled the automatic stay or otherwise validated the requests for admissions appellants failed to answer.

Contrary to appellees' argument, we are not bound by *Sikes.* We are instead "obligated to follow only higher Texas courts and the United States Supreme Court." *Penrod Drilling Corp. v. Williams,* 868 S.W.2d 294, 296 (Tex.1993). *Howell,* the most recent Texas Supreme Court decision concerning the validity of actions taken during the pendency of an automatic stay, was decided after *Sikes. See Howell,* 839 S.W.2d at 92. If the supreme court were inclined to adopt the Fifth Circuit's approach, it would have done so at that time. We decline to adopt *Sikes* and instead hold that any action taken against a debtor in violation of an automatic bankruptcy stay is void, not merely voidable. *See Howell,* 839 S.W.2d at 92; *Continental,* 751 S.W.2d at 501.[4]

Even if we were to adopt the "voidable" approach taken in *Sikes,* appellees would not be entitled to summary judgment. After adopting the "voidable" standard, the Fifth Circuit held that "voidable" did not mean that the disputed action was valid unless invalidated, but rather the action was void unless subsequently validated by an order of the bankruptcy court. *Sikes,* 881 F.2d at 178–79. Appellees do not argue, nor is there any evidence in the record, that the bankruptcy court ever lifted the automatic stay or retroactively validated the unanswered requests for admissions.

Appellees' post-submission brief directs our attention to a recent First Court of Appeals opinion that considers whether filing an appeal bond during the pendency of a bankruptcy stay is a void act. *See Chunn v. Chunn,* 929 S.W.2d 490, 493–94 (Tex.App.— Houston [1st Dist.] 1996, no writ). The *Chunn* court refused to invalidate the filing of an appeal bond because "no public policy is served by prohibiting parties from prematurely filing documents necessary to perfect their appeal." *Id.* at 493. The court emphasized Rule 41(c) of the Texas Rules of Appellate Procedure specifically provides that "no appeal bond shall be ineffective because it is prematurely filed." *See id.* The court also noted the underlying policy of the appellate rules is to promote the perfection of appeals and holding the filing void would not only conflict with the express language of Rule 41, but also deprive a party its right to appeal. *See id.* at 494. The court concluded that "the public policy that courts should settle disputes on their *merits* favors treating [appeal bonds] as prematurely filed until the stay is lifted or otherwise terminated." *Id.* (emphasis added).

We agree with our sister court that disputes should be resolved on their merits. The purpose of summary judgment is *not* to deprive a litigant his right to trial by jury but to eliminate patently unmeritorious claims and untenable defenses. *See City of*

4. Nine of the fourteen courts of appeals in Texas have considered the effect an automatic stay has on actions taken outside bankruptcy proceedings. Following *Continental* and *Howell,* a majority of courts hold that any action taken in violation of the automatic bankruptcy stay is void. *See, e.g., Sanchez v. Hester,* 911 S.W.2d 173, 176 (Tex. App.—Corpus Christi 1995, *mand. motion overr.*); *Thomas v. Miller,* 906 S.W.2d 260, 262 (Tex. App.—Texarkana 1995, no writ); *Baytown State Bank v. Nimmons,* 904 S.W.2d 902, 905 (Tex. App.—Houston (1st Dist.) 1995, writ denied); *Burrhus v. M & S Mach. & Supply Co., Inc.,* 897 S.W.2d 871, 873 (Tex.App.—San Antonio 1995, presubmission opinion) (subsequent opinion at 933 S.W.2d 635 (Tex.App.—San Antonio 1996, writ denied)); *Lawrenson v. Global Marine, Inc.,* 869 S.W.2d 519, 523 (Tex.App.—Texarkana 1993, writ denied); *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 542 (Tex.App.—Tyler 1992, writ denied); *Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.—Corpus Christi 1991, writ denied); *Owen Elec. Supply, Inc. v. Brite Day Const., Inc.,* 821 S.W.2d 283, 287 (Tex.

App.—Houston [1st Dist.] 1991, writ denied); *Nautical Landings Marina, Inc. v. First Nat. Bank in Port Lavaca,* 791 S.W.2d 293, 296 (Tex.App.— Corpus Christi 1990, writ denied); *Huddleston v. Texas Commerce Bank–Dallas, N.A.,* 756 S.W.2d 343, 345–46 (Tex.App.—Dallas 1988, writ denied); *Star–Tel, Inc. v. Nacogdoches Telecommunications, Inc.,* 755 S.W.2d 146, 150 (Tex.App.— Houston [1st Dist] 1988, no writ); *Southern County Mut. Ins. Co. v. Powell,* 736 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Wallen v. State,* 667 S.W.2d 621, 623 (Tex. App.—Austin 1984, no writ); *Community Investers IX, Ltd. v. Phillips Plastering Co.,* 593 S.W.2d 418, 420 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *but see Walker's Country Place, Inc. v. Central Appraisal Dist. of Taylor,* 867 S.W.2d 111, 112 (Tex.App.—Eastland 1993, no writ) (holding actions taken in violation of the automatic stay are voidable, not void); *Audio Data Corp. v. Monus,* 789 S.W.2d 281, 284 (Tex. App.—Dallas 1990, no writ) (same); *Cissne v. Robertson,* 782 S.W.2d 912, 919 (Tex.App.—Dallas 1989, writ denied) (same).

*Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n. 5 (Tex.1979) (emphasis added); *Hernandez v. Lukefahr*, 879 S.W.2d 137, 140 (Tex.App.—Houston [14th Dist.] 1994, no writ). This appeal arises from a summary judgment based on unanswered requests for admissions served during the pendency of the debtor's automatic bankruptcy stay. The summary judgment rendered against Paine was based solely on these requests for admissions. When the underlying suit against the debtor is commenced prior to his filing for bankruptcy, the case, including all discovery efforts, is automatically stayed by the provisions of section 362 of the Bankruptcy Code.[5] *See Kalb*, 308 U.S. at 439, 60 S.Ct. at 346; *Howell*, 839 S.W.2d at 92; *Continental*, 751 S.W.2d at 501. Paine filed his petition for bankruptcy on June 7, 1994, automatically triggering the bankruptcy stay. On July 12, 1994, appellees, without the bankruptcy court's approval, served Paine with discovery requests. Discovery is the process that propels litigation toward trial and is clearly the "continuation" of a case within the meaning of the Bankruptcy Code. *See* 11 U.S.C.A. § 362(a)(1). Because these discovery requests were served in violation of the stay, they are void and without legal consequence. Paine had no duty to respond to the discovery requests, and his failure to timely answer cannot operate to deem the admissions against him. Accordingly, we find Paine was improperly denied his right to a trial on the merits, and the trial court erred in entering summary judgment against him.

*Summary Judgment Against Plexus.*

■■■■■ Generally, the automatic stay provision of section 362 of the Bankruptcy Code does not extend to actions against parties other than the debtor. *See Beutel v. Dallas Cty. Flood Control*, 916 S.W.2d 685, 692 (Tex.App.—Waco 1996, writ denied); *HBA East, Ltd. v. JEA Boxing Co., Inc.*, 796 S.W.2d 534, 536 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Audio Data Corp. v. Monus*, 789 S.W.2d 281, 286 (Tex.App.—Dallas 1990, no writ). An exception to this general rule is sometimes applied in situations where the assets of the bankruptcy estate would be jeopardized by allowing court proceedings to go forward against a co-defendant. *See Beutel*, 916 S.W.2d at 692; *see also United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir.1993); *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.*, 817 F.2d 1142, 1147–50 (5th Cir.1987). To be entitled to the exception to the rule, the co-defendant must demonstrate either that (1) an identity between the debtor and the co-defendant exists such that the debtor may be said to be the "real party defendant" and the judgment against the co-defendant will, in effect, be a judgment against the debtor, or (2) extending the stay against the co-defendant contributes to the debtor's efforts toward rehabilitation. *See Beutel*, 916 S.W.2d at 692–93.

■■■■■ In its order granting appellees' motion for summary judgment, the trial court expressly found Paine to be Plexus's alter ego and held appellees were entitled to pierce the corporate veil. Generally, a judgment against a corporation is *res judicata* in a subsequent suit against a stockholder. *See Western Inn Corp. v. Heyl*, 452 S.W.2d 752, 760 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). If we allow Plexus's admissions to stand, they would effectively establish Paine's alter ego status and subject him to individual liability. *See id.*; *see also Dodson v. Kung*, 717 S.W.2d 385, 390 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (summary judgment in favor of corporation precluded mutual liability suit against shareholders alleged to be alter egos of corporation). Appellees themselves argue that even if Paine's admissions are void, Plexus's admissions clearly establish Paine to be Plexus's alter ego and would support summary judgment against Paine. Appellees' own argument, therefore, establishes Plexus to be entitled to Paine's bankruptcy stay protection. Accordingly, we find Plexus is entitled to the protection of the automatic stay and hold the requests for admissions served upon the corporation during the pendency of the automatic stay are void.

---

5. Parties to a suit against a debtor are not without a remedy. The Bankruptcy Code allows parties to petition the bankruptcy court for relief in terms of a lifting or modifying the stay in order to continue the litigation process. *See* 11 U.S.C.A. § 362(d).

## CONCLUSION

Because the requests for admissions served upon Paine and Plexus are void, they do not provide a valid basis for summary judgment. We find the trial court erred in granting summary judgment in appellees' favor and reverse and remand the case for further proceedings.