Vacated and Remanded and Memorandum Opinion filed May 27, 2004









Vacated and Remanded and Memorandum Opinion filed May
27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01326-CV

____________

 

ANDREW JOSEPH
LANNIE,
Appellant

 

V.

 

DONALD HARVEY AND
STEVE HEBERT,
Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 97-48548

 



 

M E M O R A N D U M   O P I N I O N

Appellant Andrew Lannie appeals the trial
court=s order appointing
a receiver and asserts the order is void because the trial court lacked
jurisdiction to enter it as a result of the 
automatic stay under the United States Bankruptcy Code.  We agree, vacate the trial court=s order, and
remand to the trial court for further proceedings consistent with this opinion.








On March 24, 1998, the trial court
rendered a final judgment against Lannie and in favor of appellees Donald
Harvey and Steve Hebert (collectively referred to herein as AJudgment Creditors@).  According to the Judgment Creditors= application for
turnover relief and for appointment of a receiver: (1) Lannie filed a voluntary
bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on
January 26, 2001; (2) Lannie=s bankruptcy
proceeding was later converted to a Chapter 7 proceeding; (3) the Judgment
Creditors filed an adversary proceeding against Lannie in this Chapter 7 case
seeking a determination that their March 24, 1998 judgment against Lannie is
nondischargeable in bankruptcy; (4) on September 12, 2002, the bankruptcy court
in this adversary proceeding entered a judgment holding this judgment to be not
dischargeable under 11 U.S.C. '' 523(a)(2)(A) and
523(a)(4).  

On November 6, 2002, the Judgment
Creditors filed an application in the trial court seeking turnover relief and
the appointment of a receiver to take possession of, and sell,  Lannie=s assets to satisfy
their judgment against Lannie.  On
November 18, 2002, Lannie filed a response in opposition to this application in
which he presented proof, both by verified 
response and by affidavit, of the following: (1) as of November 18,
2002, Lannie was a debtor in a pending Chapter 7 bankruptcy proceeding; (2)
while the bankruptcy court had determined that the Judgment Creditors= judgment is
nondischargeable, the bankruptcy court has never lifted the bankruptcy stay to
allow the Judgment Creditors to proceed with postjudgment collection efforts in
state court; (3) the relief sought by the Judgment Creditors in their
application would give a receiver broad powers to seize and sell Lannie=s nonexempt
assets; (4) these assets are part of the bankruptcy estate in Lannie=s bankruptcy and
are subject to pending claims by other creditors, including the Internal
Revenue Service; and (5) allowing the Judgment Creditors to proceed with these
postjudgment collection efforts would create a preference among Lannie=s creditors and
would substantially impair the pending priority claims of other creditors.








On November 19, 2002, the trial court granted the Judgment Creditors= application and signed an order
appointing Henry V. Radoff as a receiver and master in chancery.    On appeal, Lannie argues, among other
things, that the trial court=s order is void as a matter of law because the trial court
signed it in violation of the automatic stay. 
The commencement of a bankruptcy case operates as a stay, applicable to
all entities, of:

(1)  the commencement
or continuation . . . of a judicial, administrative, or other action or
proceeding against the debtor that was or could have been commenced before the
commencement of the case under this title, or to recover a claim against the
debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the
debtor or against property of the estate, of a judgment obtained before the
commencement of the case under this title . . .

11 U.S.C. ' 362(a)(1), (2).

A bankruptcy stay is automatically triggered when the
bankruptcy petition is filed whether or not a party or the non‑bankruptcy
court learns of it prior to taking action against the debtor.  Paine v. Sealy, 956 S.W.2d 803, 805
(Tex. App.CHous. [14 Dist.] 1997, no writ). It
is undisputed that, at the time the trial court signed its order appointing a
receiver, Lannie was a debtor in a pending Chapter 7 bankruptcy case.  In his affidavit and sworn response, Lannie
testified that the Judgment Creditors had not obtained relief from the
automatic bankruptcy stay.  The Judgment
Creditors do not assert that they have obtained relief from the bankruptcy
stay; rather, they assert that the bankruptcy court=s judgment in their adversary
proceeding allows them to collect their judgment.  The adversary-proceeding judgment contains no
language to this effect and does not grant any 
relief from the automatic stay. 
The Judgment Creditors cite no cases in support of their argument that
the nondischargeability determination alone allows a state court to appoint a
receiver over all of the non-exempt assets of a debtor in a pending bankruptcy
case.








When a party, who has not sought relief from the bankruptcy
stay, attempts to commence or continue a proceeding against the debtor, the
action taken is void.  Id.  After carefully reviewing the unambiguous
language of the relevant part of the Bankruptcy Code, we conclude that the
Judgment Creditors= judgment, even if it is a nondischargeable debt, does not
fall under an exception to the bankruptcy stay and that, on the facts of this
case, the bankruptcy stay was still in effect as to the trial court=s actions in this case when it
entered the order in question.  See
11 U.S.C. ' 362; Paine, 956 S.W.2d at
805.  Because the evidence shows the
Judgment Creditors failed to obtain relief from the stay, we conclude that the
trial court=s order appointing a receiver is
void.[1]  See 11 U.S.C. ' 362; Paine, 956 S.W.2d at
805.  Accordingly, we vacate the trial
court=s order appointing a receiver and
remand for further proceedings consistent with this opinion.[2]  

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed May 27, 2004

Panel consists
of Justices Edelman, Frost and Guzman.

 

 











[1]  The Judgment
Creditors also rely on an order of the bankruptcy court that apparently
declines to enjoin the proceedings in the trial court in this case.  This order, however, is not in our record and
was apparently signed after the trial court=s
receivership order in this case.  For
both of these reasons, we may not consider this order in our analysis.  Nonetheless, we note that a bankruptcy court=s failure to enjoin or stay state court proceedings is
not sufficient to lift the bankruptcy stay, if it is otherwise in effect.  See 11 U.S.C. ' 362(c).





[2]  Because of our
disposition, we need not address the other issues that Lannie raises on appeal.