**Motion Granted; Vacated and Case Dismissed and Memorandum Opinion filed July 31, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00707-CV

## DON E. KILPATRICK, Appellant

## V.

## ADRIANA POTOCZNIAK, Appellee

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1033021**

## M E M O R A N D U M   O P I N I O N

This is an appeal of a judgment in favor of appellee, Adriana Potoczniak, and against appellant, Don E. Kilpatrick, in a forcible detainer action brought by appellee to regain possession of premises occupied by appellant. Appellant raises five issues on appeal in which he argues the judgment is void because the forcible detainer action was brought while his bankruptcy stay was pending. Appellee filed a motion to dismiss for want of jurisdiction in which she agrees that the trial court

lacked subject-matter jurisdiction because the underlying forcible detainer action was commenced in violation of the automatic stay required by the bankruptcy code. *See* 11 U.S.C. § 362(a)(1). Because the automatic bankruptcy stay applied to appellee's forcible detainer action, we grant appellee's motion, vacate the county court's judgment as void, and dismiss appellee's forcible detainer action for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2013, appellant filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. On April 3, 2013, appellant received written notice to vacate the premises. On April 8, 2013, appellee filed an original petition for eviction in the Justice Court of Harris County. Appellant was served with the eviction suit on April 22, 2013. On May 21, 2013, the bankruptcy proceeding was dismissed.

On May 31, 2013 the forcible detainer suit was tried in Justice Court. Appellant appealed the Justice Court's decision, and the suit was tried de novo in the County Civil Court at Law No. 4 in Harris County on July 25, 2013. Appellant appeals that court's judgment of possession in favor of appellee.

## APPLICABILITY OF BANKRUPTCY STAY

On July 7, 2014, appellee filed a motion to dismiss this appeal for want of jurisdiction on the grounds that the forcible detainer was commenced in violation of the automatic bankruptcy stay. We agree.

When a defendant files a bankruptcy petition, an automatic stay goes into effect and abates judicial proceedings against that party. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 604 (Tex. 2000). Specifically, the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of the following:

the commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

If a party who has not sought relief from the bankruptcy stay attempts to commence or continue a lawsuit against a debtor, the action taken is void. *See Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992); *Paine v. Sealy*, 956 S.W.2d 803, 805 (Tex. App.—Houston [14th Dist.] 1997, no writ). The Supreme Court of Texas has held that an action taken in violation of the automatic stay is void, not merely voidable. *See Howell*, 839 S.W.2d at 92; *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Sommers v. Concepcion*, 20 S.W.3d 27, 34 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

The stay applies to any action taken against the debtor to obtain possession of property of the debtor's bankruptcy estate or of property from the bankruptcy estate or to exercise control over property of the bankruptcy estate. 11 U.S.C. § 362(a)(3). Whether a proceeding is "against the debtor" within the meaning of section 362(a)(1) is determined from an examination of the posture of the case at the initial proceeding. *Marroquin v. D & N Funding, Inc.*, 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no writ); *Lovall v. Chao*, No. 01-02-01019-CV; 2005 WL 110372 *2 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (mem. op.).

In this case, appellant was in possession of the premises when the bankruptcy petition was filed. The forcible detainer action was filed in violation of the automatic bankruptcy stay. The Bankruptcy Court did not modify the stay or

otherwise permit the forcible detainer suit to be commenced or continued. Therefore, we conclude the bankruptcy court's automatic stay deprived the Justice Court of jurisdiction over appellee's forcible detainer action. Because the automatic bankruptcy stay applied to appellee's forcible detainer action, neither the Justice Court nor the County Court had jurisdiction over the forcible detainer action. *See Paine*, 956 S.W.2d at 805. Thus, we hold that the County Court's judgment is void. *See York v. State*, 373 S.W.3d 32, 39 (Tex. 2012). When a trial court's void judgment is appealed, we have jurisdiction to declare the judgment void and render judgment dismissing the case. *Perkins v. U.S. Fid. & Guar. Co.*, 299 S.W. 213, 219 (Tex. Comm'n App. 1927, judgm't adopted); *see also Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958); *Williams v. Steele*, 108 S.W. 155, 157 (Tex. 1908).

## CONCLUSION

We vacate the County Court's judgment as void, grant appellee's motion, and dismiss the forcible detainer action for want of jurisdiction.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.