**Reversed and Remanded and Memorandum Opinion filed April 28, 2015.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-13-00274-CV

---

### SAMER W. YACOUB, Appellant

### V.

### SURETEC INSURANCE COMPANY, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1003979**

---

### M E M O R A N D U M   O P I N I O N

The trial court granted Appellee-Plaintiff SureTec Insurance Company's "Motion for Summary Judgment Based on Deemed Admissions." Appellant-Defendant Samer Yacoub contends that the trial court erred by granting the motion because he timely filed his response to SureTec's requests for admissions, and in any event, SureTec failed to prove Yacoub's flagrant bad faith or callous disregard for the rules. We reverse the trial court's judgment and remand for further proceedings.

## I.  BACKGROUND

On November 4, 2011, SureTec sued Yacoub for breach of an indemnification agreement.  Yacoub, acting pro se, filed an answer.  On January 13, 2012, SureTec served Yacoub with requests for admissions.  On February 14, 2012, Yacoub filed with the trial court an order from his bankruptcy case, *In re Yacoub*, No. 11-40853, which was signed on January 24, 2012, and extended the automatic stay.

On March 23, 2012, SureTec filed a "Motion for Summary Judgment Based on Deemed  Admissions."  In the motion, SureTec alleged that Yacoub failed to serve a written response within thirty days of service of the requests for admissions, and SureTec argued that its requests were deemed admitted.  SureTec argued that Yacoub admitted liability through the deemed admissions and "Yacoub's deemed admissions warrant the entry of a Summary Judgment in favor of Plaintiff because the deemed admissions address every element of Plaintiff's claims."  SureTec sought $34,102.39 in damages.

On March 28, 2012, Yacoub's bankruptcy attorney served on SureTec, and subsequently filed with the trial court, a "suggestion of bankruptcy."  The attorney averred that Yacoub filed a bankruptcy petition in case No. 11-40853, "[r]elief was ordered on 11/28/2011," and "this action has been stayed by the operation of 11 U.S.C. § 362."[1]

Yacoub's bankruptcy case was dismissed on October 4, 2012.  On October 18, 2012, Yacoub filed with the trial court an affidavit, stating that he gave the court and SureTec "written prove that defendant Yacoub was in (chapter 13 bankruptcy).  And this Prove was within the (30) days from the date of service."

---

[1] SureTec notes that after this filing, its motion for summary judgment "was taken off of the docket and remained dormant for nearly a year" as a result of the bankruptcy stay.

On the same day, Yacoub filed with the trial court his "first answer for admissions from Samer W. Yacoub." He responded to a number of the requests with "I did not sign or saw the application." The document included a certificate of service. On the following day, Yacoub filed a document titled "defendant objection for summary judgment," wherein he argued that he "did show to this Honorable Court and Plaintiff prove that Defendant Yacoub is in bankruptcy and that was within the (30) days that was giving From the service date, but the Plaintiff ignored the bankruptcy." He alleged that he filed his "answer for Admissions" and other discovery responses on October 18, 2012.

On February 8, 2013, SureTec filed a "supplement to motion for summary judgment" along with an amended affidavit from its employee to adjust downward the amount of damages to $26,702.39. SureTec alleged in the supplemental filing that the trial court held an oral hearing on SureTec's "Motion for Summary Judgment based on deemed admissions" in December 2012. SureTec alleged further that "it was brought to counsel for SureTec's attention that Defendant had filed a Response to the Motion for Summary Judgment as well as various discovery responses."

On March 1, 2013, the trial court signed a final judgment in SureTec's favor. In the judgment, the trial court stated the following: SureTec served Yacoub with requests for admissions, "Yacoub served untimely written responses," the effect of a failure to timely respond is that the requests were deemed admitted, SureTec's requests for admissions addressed every element of SureTec's claims, and "summary judgment against Defendant Yacoub based on deemed admissions is therefore warranted." The trial court awarded damages of $26,702.39 among other relief.

On March 27, 2013, Yacoub filed a document titled "Defendant appealing to the ruling of Final Judgment," wherein he argued that SureTec ignored the fact that Yacoub was in bankruptcy and that SureTec "violated the bankruptcy rules." At the time he filed his appellate brief in this court, Yacoub was represented by counsel.

## II.   ANALYSIS

In his first issue on appeal, Yacoub contends the trial court erred by granting summary judgment based on deemed admissions because Yacoub had a reasonable excuse for delaying the filing of his response to the requests for admissions until after his bankruptcy case was dismissed. He contends, in particular, that SureTec failed to prove that Yacoub acted with flagrant bad faith or callous disregard by answering the requests for admissions after his bankruptcy case was dismissed. SureTec responds that Yacoub waived his right to challenge or avoid the deemed admissions, the trial court correctly granted summary judgment based on the deemed admissions, and the trial court correctly granted summary judgment regardless of the deemed admissions because SureTec's other evidence was conclusive summary judgment proof.

First, we address SureTec's waiver argument. Then, we address the propriety of the summary judgment based on deemed admissions. Finally, we consider whether the summary judgment can be affirmed based on SureTec's other evidence.

## A.   Waiver

Relying exclusively on the Texas Supreme Court's decision in *Unifund CCR Partners v. Weaver*, SureTec contends that Yacoub waived his right to challenge or avoid the deemed admissions. *See* 262 S.W.3d 796 (Tex. 2008) (per curiam).

4

Unifund served the pro se Weaver with requests for admissions. *Id.* at 797. Weaver filed a response with a certificate of service, but Unifund filed a motion for summary judgment asserting that the facts set out in its requests for admissions were automatically admitted when Weaver failed to timely serve his responses. *Id.* Unifund filed an affidavit from its attorney supporting its claim that Weaver failed to serve it with a response to its requests for admissions. *Id.* The first time that Weaver asserted that he properly served Unifund was in a post-judgment filing. *Id.* The supreme court held that Weaver waived his right to challenge the deemed admissions because Weaver knew of his mistake before judgment and he failed to respond to Unifund's motion for summary judgment. *Id.* at 798.

However, in reaching this conclusion, the supreme court reasoned that Weaver failed to raise a fact issue regarding his claim that he timely served his responses. *Id.* at 797. The supreme court noted that Weaver's certificate of service "raised a presumption of service" under the Texas Rules of Civil Procedure, but Unifund "rebutted that presumption with the affidavit asserting that it was not timely served." *Id.* The court declined to consider Weaver's unsworn assertions that his responses were timely filed because "'we do not consider factual assertions that appear solely in briefs and are not supported by the record.'" *Id.* (quoting *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 789 (Tex. 2006)).

Here, Yacoub's answers to the requests for admissions included a certificate of service. Well before the trial court signed its judgment, Yacoub filed an "objection for summary judgment" and an affidavit wherein he testified that he gave SureTec proof that he was in bankruptcy "within the (30) days from the date of service." Although SureTec's summary judgment stated that Yacoub did not timely serve answers to SureTec's requests for admissions, SureTec did not file an affidavit or other evidence to rebut the presumption of service established by

5

Yacoub's certificate of service. Because the presumption of service stood unrebutted, and Yacoub objected to the summary judgment before judgment, *Unifund* does not support a finding of waiver.[2]

## B. Summary Judgment Based on Deemed Admissions

"[R]equests for admission should be used as 'a tool, not a trapdoor.'" *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) (quoting *U.S. Fid. & Guar. Co. v. Goudeau*, 272 S.W.3d 603, 610 (Tex. 2008)). "[W]hen admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions." *Id.* Thus, to substantiate a summary judgment based solely on deemed admissions, there must be a showing of "flagrant bad faith or callous disregard for the rules." *Id.* at 633. This requirement is "an element of the movant's summary judgment burden." *Id.* at 634.[3]

SureTec has not demonstrated Yacoub's flagrant bad faith or callous disregard for the rules. SureTec contends on appeal that Yacoub's response to the requests for admissions was due by February 15, 2013, or thirty-three days after service. But Yacoub repeatedly notified the trial court—in his "objection for summary judgment," in his affidavit, and in his post-judgment filing—that he was in bankruptcy at that time. SureTec acknowledges on appeal that it received notice of the bankruptcy through Yacoub's counsel filing the suggestion of bankruptcy,

---

[2] We note that the trial court recited in its judgment that "Yacoub served untimely written responses," not that Yacoub failed to serve responses at all, as Weaver failed to do in *Unifund*.

[3] *See also Time Warner, Inc. v. Gonzalez*, 441 S.W.3d 661, 666 (Tex. App.—San Antonio 2014, pet. denied) (although ordinarily the party seeking withdrawal of deemed admissions must prove good cause and lack of undue prejudice, when the deemed admissions are "merits-preclusive" and thus raise due process concerns, the burden is on the party opposing withdrawal to show flagrant bad faith or callous disregard).

and "SureTec's lack of knowledge regarding the bankruptcy [until that time] did not affect the injunctive effect of the automatic stay."

As SureTec acknowledges, this court explained that a bankruptcy stay "is automatically triggered when the bankruptcy petition is filed whether or not a party or the non-bankruptcy court learns of it prior to taking action against the debtor." *Paine v. Sealy*, 956 S.W.2d 803, 805 (Tex. App.—Houston [14th Dist.] 1997, no pet.). "[A]ny action taken against a debtor in violation of an automatic bankruptcy stay is void, not merely voidable." *Id.* at 806. In *Paine*, the following events occurred in sequential order:

    (1)    the plaintiffs filed suit;
    (2)    the defendant filed for bankruptcy;
    (3)    the plaintiffs served requests for admissions;
    (4)    the bankruptcy was dismissed;
    (5)    the plaintiffs filed a motion for summary judgment based on deemed admissions; and
    (6)    the trial court granted the summary judgment based on deemed admissions.

*See id.* at 804. This court held that the requests for admissions were "served in violation of the stay" and thus were "void and without legal consequence." *Id.* at 807. Accordingly, the defendant "had no duty to respond to the discovery requests, and his failure to timely answer cannot operate to deem the admissions against him." *Id.* The trial court erred in granting summary judgment based on deemed admissions. *See id.*

Here, Yacoub contends that as a result of the automatic bankruptcy stay, his response to the requests for admissions was not due until thirty days after dismissal of the bankruptcy. Thus, he argues that his response was timely served. In any event, Yacoub contends that SureTec did not prove flagrant bad faith or callous

disregard even if Yacoub's response was served untimely. The following events occurred in substantially the same order as in *Paine*:

(1)      SureTec filed suit;

(2)    Yacoub filed for bankruptcy;

(3)    SureTec served requests for admissions;

(4)    SureTec filed a motion for summary judgment based on deemed admissions;

(5)    the bankruptcy was dismissed;

(6)    Yacoub served a response to the request for admissions and filed an "objection to summary judgment"; and

(7)    the trial court granted the summary judgment based on deemed admissions.

The only differences between this case and *Paine* are that SureTec's motion for summary judgment was filed before dismissal of the bankruptcy, and Yacoub served a response to the requests for admissions after dismissal of the bankruptcy. Neither fact would require a different conclusion: SureTec's requests for admissions were void. *See id.*

Yacoub, a pro se litigant in the trial court, did not respond to requests for admissions served during the pendency of his bankruptcy. When the bankruptcy was dismissed, he promptly served a response. Under these circumstances, we hold that SureTec has failed to demonstrate as part of its summary judgment burden that Yacoub acted with flagrant bad faith or callous disregard for the rules, assuming without deciding that Yacoub's response was actually untimely. *See Wheeler v. Green*, 157 S.W.3d 439, 442, 443–44 (Tex. 2005) (no showing of flagrant bad faith or callous disregard although the pro se litigant filed a late response and was "wrong on her dates and wrong on how to correct them" and neglected to file a motion to withdraw deemed admissions; noting that when application of the standard "turns on an actor's state of mind, [then] application may require a different result when the actor is not a lawyer"); *see also Carlton*

8

*Firm, P.C. v. Edwards*, No. 08-03-00009-CV, 2004 WL 540324, at \*2–3 (Tex. App.—El Paso Mar. 18, 2004, no pet.) (mem. op.) (trial court correctly allowed withdrawal of deemed admissions "if there were any," because "[a]s the court rightfully noted, there was some confusion on the discovery deadlines because of the bankruptcy" of one of the defendants; noting that good cause exists for withdrawal when a party's late response is not intentional or in conscious disregard of its obligations).[4]

Accordingly, summary judgment based on deemed admissions was improper in this case.

## C.    Summary Judgment Regardless of Deemed Admissions

SureTec contends that its summary judgment evidence is legally sufficient to support a judgment in SureTec's favor regardless of the deemed admissions.[5] "When, as here, the trial court expressly states the ground on which it granted the motion, we must consider that ground and may consider other grounds the trial court did not rule on in the interest of judicial economy." *Zurich Am. Ins. Co. v. Hunt Petroleum (AEC), Inc.*, 157 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Cin. Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)). However, "a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response." *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

---

[4] Assuming the admissions were actually deemed in this case and must be withdrawn, "[g]ood cause for the withdrawal of the deemed admissions exists in this case because there is no evidence of flagrant bad faith or callous disregard for the rules and nothing to justify a presumption that [Yacoub's] defense lacks merit." *See Marino*, 355 S.W.3d at 634. Further, nothing indicates that SureTec will be unable to prepare for trial without the admissions and, thus, suffer undue prejudice as a result of the withdrawal. *See id.*

[5] Yacoub does not expressly contend that the motion for summary judgment was void for violating the bankruptcy court stay. We assume for the sake of argument that it was not void while addressing SureTec's responsive issue. *But see Paine*, 956 S.W.2d at 805.

SureTec attached evidence to its "Motion for Summary Judgment Based on Deemed Admissions," but SureTec did not argue in the motion that summary judgment could be granted based on that evidence. SureTec cited to this evidence in the "background" section of its motion, but the tenor of the motion (and the title of the motion) was for summary judgment "based on deemed admissions." The "argument" section of the motion addressed only Yacoub's deemed admissions.[6] Though SureTec submitted summary judgment evidence that did not relate to the deemed admissions, SureTec did not state in its motion that this evidence proved its right to judgment against Yacoub as a matter of law nor did SureTec seek summary judgment based on this other evidence. In its "supplement to motion for summary judgment," filed after the bankruptcy was dismissed, SureTec continued to seek summary judgment "based on deemed admissions."

We hold that the only ground for summary judgment expressly presented in the motion was for judgment based on deemed admissions. Consequently, we cannot affirm the judgment on another ground.

---

[6] For example, SureTec argued:

Defendant Yacoub's liability to Plaintiff was automatically deemed admitted upon Defendant Yacoub's failure to answer and/or object to Plaintiff's Requests for Admissions. Defendant Yacoub's deemed admissions address every element of Plaintiff's claims. Therefore, there are no genuine issues of material fact that remain, and Plaintiff's Motion for Summary Judgment against Defendant Yacoub should be granted.

## III.  CONCLUSION

Yacoub's first issue is sustained.  We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.[7]


/s/     Sharon McCally
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

---

[7] Because we sustain Yacoub's first issue, we do not reach his second issue, wherein he contends that specific deemed admissions "exceeded the proper scope of admissions by calling for admissions regarding legal conclusions." *See* Tex. R. App. P. 47.1.

11