**DENY and Opinion Filed July 26, 2022**

# S

**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00656-CV**

**IN RE NICHOLAS D. MOSSER, Relator**

**Original Proceeding from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-06006-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Smith
Opinion by Justice Osborne

Relator's July 1, 2022 petition for writ of mandamus challenges the trial court's denial of real party in interest Fidelity National Title Insurance Company's motion for protection from discovery. Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that he lacks an adequate appellate remedy. *In re Copart, Inc.*, 619 S.W.3d 710, 713 (Tex. 2021) (orig. proceeding) (per curium) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)).

As the party seeking relief, relator has the burden of providing the Court with a certified or sworn copy of every document that is material to establishing his right to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a); *In re Butler*, 270 S.W.3d

757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (requiring relator to submit a record containing certified or sworn copies). We conclude that relator has not met this burden because his unsworn verification fails to satisfy the requirements of section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE § 132.001. Accordingly, we deny the petition for writ of mandamus.[1]

220656f.p05

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

---

[1] Relator has informed us that defendant First Guaranty Mortgage Corporation has filed for Chapter 11 bankruptcy. Generally, the automatic stay provision of section 362 of the Bankruptcy Code does not extend to actions against parties other than the debtor. *See Paine v. Sealy*, 956 S.W.2d 803, 807 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Because Fidelity is not the debtor, and none of the limited exceptions to this general rule are applicable, we conclude that the automatic stay provision is not triggered here.